## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSSI J. DALTON, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | **Case No.: 09-563** |
| CARDWORKS SERVICING | ) ) | **CLASS ACTION** |
| **Defendant.** | ) ) | |

## COMPLAINT

COMES NOW the Plaintiff, Sussi J. Dalton, (hereafter the "Plaintiff") by counsel, and for her complaint against the above-named Defendant, alleges as follows:

## JURISDICTION AND VENUE

1.    The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. 1331. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PRELIMINARY STATEMENT

2.    This is an action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to enjoin Defendant's conduct and recover damages by reason of the Defendant's violation of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a debt without providing the requisite notice of the consumer's right to dispute the debt.

1

## PARTIES

3.     The Plaintiff is a natural person and resident of Dauphin Island, Alabama.  She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4.     Defendant Cardworks Servicing ("CS") is a corporation which is, upon information and belief, incorporated under the laws of the state of Deleware and has its principal place of business in the state of New York. For all relevant times, CS was engaged in business within the State of Alabama, including the collection of debts. CS is regularly engaged in the practice of debt collection.

5.     CS sends collection letters and places collection calls as a regular part of its business.

6.     The mails and interstate wire communications are used to conduct the business of CS.

7.     CS is a debt collector as defined in the FDCPA.

## FACTS

8.     On or about August 31st, 2008, Defendant initially contacted Plaintiff by the use of a collection letter demanding payment in the amount of $1,339.60.   The creditor was identified as "Merrick Bank" with an account number listed on the letter, account number 4120613059058955.

9.     On CS's August 31st, 2008 initial communication there was the following language located at the bottom of the front page:

### IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW

*This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This communication is from a debt collector.  Unless you notify this office in writing within 30 days after receiving this notice that you dispute the*

*validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: (i) Obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such verification or judgement. (ii) Provide you with the name and address of the original creditor, if different from the current creditor.*

10.   15 U.S.C. § 1692g(a) states that a consumer can within 30 days after receipt of the debt collectors notice dispute the validity of the debt.

11.   The statute, specifically 15 U.S.C. § 1692g(a)(3) sets forth no requirements as to the manner in which a consumer can dispute the validity of the debt.

12.   The language set forth in CS's letter to the Plaintiff states the consumer may only "notify this office in writing", and allows for no other methods of communication, such as a phone call or facsimile by the consumer to dispute the validity of the debt.

13.   The notice was inaccurate and misleading and does not comply with the requirements set forth under 15 U.S.C. § 1692g(a).

14.   The August 18, 2008 collection letter was the initial contact with Plaintiff and Plaintiff received no other communication or written notice within five days that complied with 15 U.S.C. § 1692g .

## COUNT ONE
### (FDCPA VIOLATIONS)

15.   Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

16.   This is a claim asserted against CS for violations of the FDCPA.

17.   Defendant CS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

18.   Defendant has violated the FDCPA in connection with its attempts to collect the

3

account against Plaintiff.  Defendant's violations include, but are not limited to, failing to comply with the requirements of 15 U.S.C. 1692g(a).

15.    As a result of its violations of the FDCPA, CS is liable to Plaintiff for declaratory judgment that CS violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant CS for the following:

A.    Statutory damages pursuant to 15 U.S.C. 1692k;

B.    Declaratory judgment that Defendant's conduct violated the FDCPA;

C.    Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

D.    Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (CLASS ACTION ALLEGATIONS)

16.    Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

17.    Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

18.    Plaintiff brings this action on behalf of himself and all members of the class composed of persons who have been were subjected to collection activity by CS that was in violation of the FDCPA of the type(s) involved in this transaction and who are entitled to some

4

or all of the relief requested herein.

19.     Plaintiff avers that the class is so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that their claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity he will fairly and adequately protect the interest of the class.

20.     Each class member has, or has been subjected to collection activity in violation of the FDCPA.

21.     Names and addresses of class members are presently unknown to plaintiff, but can be readily ascertained from the defendant's business records.

22.     Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

        a.     Whether the form collection letter sent to Plaintiff and members of the class violated the FDCPA by failing to include statements regarding the right to dispute the debt and request verification of the debt;

        b.     What is the appropriate remedy for CS's violation of the FDCPA

23.     Proof of common facts and legal doctrines by the representative plaintiff consumer will determine the claims of each member of the class.

24.     This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

25.     The named representative's claims are typical and representative of the class and sub-class claims.

26.     It is and was the practice of CS to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff prays that this court will certify this as a class action, and award the members of the class and any sub-class described herein the remedies provided for in 15 U.S.C. § 1692k.

**COUNT THREE**
**(DECLARATORY JUDGMENT)**

27.     Plaintiff realleges and adopts by reference all of the foregoing relevant paragraphs in this complaint.

28.     Plaintiff and the members of the class bring this action in this count pursuant to Rule 57 of the Federal Rules of Civil Procedure in that an actual controversy exists between the parties concerning their rights under the FDCPA.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated pray as follows:

a.     That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned be appointed as the attorney for the class.

b.     That this court award Plaintiff and the members of the class statutory damages for all losses incurred by them.

c.     That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiff and the Plaintiff's Classes.

d.     That this court issues a temporary and permanent injunction restraining the defendant, their agents or employees from their practices alleged until further

order of Court.

e.    That this court determines the rights of the parties and directs CS to cease illegal

collection activity.

f.    That this court enjoin defendant from destroying or altering books or records

concerning or in any way relating to the practices as stated above.

g.    For such other and further relief as this court deems just and equitable.

h.    That defendant be required to pay punitive damages in an amount to be

determined, in addition to statutory damages.

**TRIAL BY JURY IS DEMANDED**.

EARL P. UNDERWOOD, JR. (UNDEE6591)
JAMES D. PATTERSON (PATTJ6485)
Attorneys for Plaintiffs
21 South Section Street
Fairhope, Alabama  36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
E-mail: jpatterson@alalaw.com

KENNETH J. RIEMER (RIEMK8712)
One of the Attorney for Plaintiffs
P.O. Box 1206
Mobile AL 36633
Telephone:  (251) 432-9212
Facsimile:  (251) 433-7172
Email:  kjr@alaconsumerlaw.com