IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DISTRICT

| | | |
|---|---|---|
| SUSSIE J. DALTON, | * | |
| Plaintiff, | * | |
| vs. | * | Case No.: 1:09-cv-00563-CB-C |
| CARDWORKS SERVICING, | * | |
| Defendant. | * | |

## **A N S W E R**

Defendant CardWorks Servicing, LLC, sued herein as "CardWorks Servicing" ("CardWorks"), by and through its attorneys, Helmsing, Leach, Herlong, Newman & Rouse, P.C., responds to the Complaint of Plaintiff Sussi J. Dalton, as follows:

### **JURISDICTION AND VENUE**

1. CardWorks does not respond to the allegations set forth within Paragraph 1 of the Complaint, as they set forth a legal conclusion to which no response is required.

### **PRELIMINARY STATEMENT**

2. CardWorks denies the allegations set forth within Paragraph 2 of the Complaint to the extent that they allege that CardWorks has committed any violation of the Fair Debt Collection Practices Act ("FDCPA") under the facts alleged in this action.

### **PARTIES**

3. CardWorks denies knowledge or information sufficient to form a belief with regard to the allegations set forth within Paragraph 3 of the Complaint to the extent

they allege that "Plaintiff is a natural person and a resident of Dauphin Island, Alabama." CardWorks does not respond to the remaining allegations set forth within Paragraph 3 of the Complaint as they set forth a legal conclusion to which no response is necessary.

4. CardWorks admits the allegations set forth within Paragraph 4 of the Complaint.

5. CardWorks admits the allegations set forth within Paragraph 5 of the Complaint.

6. CardWorks admits the allegations set forth within Paragraph 6 of the Complaint.

7. CardWorks does not respond to the allegations set forth within Paragraph 7 of the Complaint as they set forth a legal conclusion to which no response is required.

## **FACTS**

8. CardWorks denies the allegations set forth in this paragraph.

9. CardWorks denies the allegations set forth in this paragraph.

10. CardWorks does not respond to the allegations set forth within Paragraph 10 of the Complaint as they set forth a legal conclusion to which no response is required.

11. CardWorks does not respond to the allegations set forth within Paragraph 11 of the Complaint as they set forth a legal conclusion to which no response is required.

12. CardWorks admits that the language set forth above states what that language states; however, CardWorks denies the characterization of the language as set forth in this paragraph.

13. CardWorks denies the allegations set forth within Paragraph 13 of the Complaint.

14. CardWorks denies the allegations set forth within Paragraph 14 of the Complaint.

## **COUNT ONE**

15. CardWorks repeats each and every response contained within Paragraphs 1 through 14 of this answer as if set forth in full herein.

16. No response is required to this allegation. CardWorks denies any violation of the FDCPA.

17. CardWorks does not respond to the allegations set forth within Paragraph 17 of the Complaint as they set forth a legal conclusion to which no response is required.

18. CardWorks denies the allegations set forth within Paragraph 18 of the Complaint.

19 (misnumbered in the Complaint as 15). CardWorks denies the allegations set forth within Paragraph 19 of the Complaint.

## **COUNT TWO**

20 (misnumbered in the Complaint as 16). CardWorks repeats each and every response contained within Paragraphs 1 through 19 of this answer as if set forth in full herein.

21 (misnumbered in the Complaint as 17). CardWorks repeats each and every response to the allegations and counts of the Complaint. CardWorks denies that this case is appropriate for class action treatment.

22 (misnumbered in the Complaint as 18). CardWorks denies that this case is appropriate for class action treatment. CardWorks further denies it violated the FDCPA.

23 (misnumbered in the Complaint as 19). CardWorks denies that this case is appropriate for class action treatment. In addition, the allegations in this paragraph state a legal conclusion to which no response is required.

24 (misnumbered in the Complaint as 20). CardWorks denies that it has subjected any purported or alleged class member to activity in violation of the FDCPA. CardWorks further denies that this case is appropriate for class action treatment.

25 (misnumbered in the Complaint as 21). CardWorks denies that this case is appropriate for class action treatment. In addition, the allegations in this paragraph state a legal conclusion to which no response is required.

26 (misnumbered in the Complaint as 22). CardWorks denies that this case is appropriate for class action treatment. There was no violation by CardWorks of the FDCPA to the extent that is implied by sub-paragraph (b). In addition, the allegations in this paragraph state a legal conclusion to which no response is required.

27 (misnumbered in the Complaint as 23). CardWorks denies that this case is appropriate for class action treatment. In addition, the allegations in this paragraph state a legal conclusion to which no response is required.

28 (misnumbered in the Complaint as 24). CardWorks denies that this case is appropriate for class action treatment. In addition, the allegations in this paragraph state a legal conclusion to which no response is required.

29 (misnumbered in the Complaint as 25). CardWorks denies that this case is appropriate for class action treatment. In addition, the allegations in this paragraph state a legal conclusion to which no response is required.

30 (misnumbered in the Complaint as 26). CardWorks denies the allegations set forth within this paragraph.

## COUNT THREE

31. (misnumbered in the Complaint as 27.) CardWorks repeats each and every response contained within Paragraphs 1 through 30 of this answer as if set forth in full herein.

32. (misnumbered in the Complaint as 28.) CardWorks denies that Plaintiff is entitled to declaratory relief as set forth in this paragraph.

As to all allegations made in the Complaint, CardWorks denies those not specifically admitted.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

1. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### Bona Fide Error Under 15 U.S.C. § 1692k(c)

2. To the extent the allegations of the complaint give rise to a cause of action under the Fair Debt Collection Practices Act, such violation was not intentional.

3. To the extent the allegations of the complaint give rise to a cause of action under the Fair Debt Collection Practices Act, such violation was the result of a bona fide error.

4. CardWorks maintains procedures reasonably adapted to avoid such errors.

5. Accordingly, CardWorks may not be held liable for any violation of the Fair Debt Collection Practices Act under the facts alleged in this action.

WHEREFORE, it is respectfully requested that this Court enter judgment: (i) dismissing the Complaint in this action in its entirety; (ii) awarding CardWorks recovery of its costs associated with this action ,including but not limited to reasonable attorneys' fees; and (iii) granting such further relief as this Court deems just and proper.

    s/ James B. Newman
JAMES B. NEWMAN (NEWMJ8049)
Attorney for Defendant CardWorks Servicing, LLC

OF COUNSEL:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA 36652
(251) 432-5521
Email: jbn@helmsinglaw.com

CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Earl P. Underwood, Jr.
      James D. Patterson
      21 South Section Street
      Fairhope, Alabama   36533

      Kenneth J. Riemer
      Post Office Box 1206
      Mobile, Alabama  36633

this 7th day of October, 2009.

                                          s/ James B. Newman
                                          OF COUNSEL

Doc 219537