# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SUSSI J DALTON, individually ) | |
| and on behalf of all similarly situated ) | |
| individuals, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | 09-00563-CB-C |
| ) | |
| CARDWORK SERVICING, LLC. ) | |
| ) | |
| DEFENDANT. ) | CLASS ACTION |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the following attorneys have conferred regarding proposed deadlines in this case and submit the following joint report:

James D. Patterson:  Representing the Plaintiff.

James B. Newman:  Representing the Defendant.

The parties do not request a conference with the Court before entry of the scheduling order.

**1. Nature of the Case:**

**Plaintiff's Summary:**

This is a class action on behalf of a class consisting of all persons who received letters from Defendant which failed to comply with the requirements of 15 U.S.C. 1692g(a).

**Defendant's Summary:**

Plaintiffs' claims fail as a matter of law. Even assuming the allegations of the complaint to be true, they do not state a cause of action under 15 U.S.C. 1692g(a). Moreover, any alleged

violation of 15 U.S.C. 1692g(a) is barred by the "bona fide error" defense, provided by the express language contained within section 1692(k)(b)(2)(c) of the statute.

**2.** This jury action should be ready for class certification hearing within eight months. When the case will be ready for jury trial will depend on the Court's decision on class certification. If a class is certified, the parties expect a trial to take less than 1 week. If the class is not certified, the trial is expected to take 1-2 days.

**3.** The parties request a pretrial conference 30 days before trial.

**4.** **Discovery Plan:**

<u>Plaintiff's Position:</u> Prior to a ruling on class certification, the parties will focus their discovery upon discovery relating to the elements of Rule 23 and to the merits of the Plaintiffs' claims. Initial disclosures will be due 21 days after this report is signed by the parties. Discovery regarding the claims of the named Plaintiffs may proceed during class discovery.

<u>Defendant's Position:</u> Defendant agrees that the parties will focus their discovery efforts on the merits of Plaintiff's claims under the Fair Debt Collection Practices Act, prior to engaging in class discovery.

The parties propose the following plan for discovery:

    (a) **Depositions**: The parties agree to a maximum of 7 depositions for Plaintiffs and 7 depositions for Defendant, each directed toward any other party with a maximum time limit of 7 hours per deposition, unless extended by agreement of the parties, pursuant to the standards set forth in the Federal Rules of Civil Procedure.

    (b) **Interrogatories**: The parties agree to a maximum of 30 by Plaintiffs, 30 by each of the Defendant, including subparts, directed toward any

other party, to be answered within 30 days of service.

(c) **Requests for admission**: The parties agree to a maximum of 25 by Plaintiffs, 25 by the Defendant, including subparts, directed toward any party, to be answered within 30 days of service.

(d) **Requests for Production:** The parties agree to a maximum of 30 by Plaintiffs, 30 by each of the Defendant, directed toward any other party, to be answered within 30 days of service.

(e) **Parties:** The parties agree that the Plaintiffs shall have 120 days from the date this report is signed to join additional parties. Defendant shall have 150 days from the date this report is signed to join additional parties.

(f) **Pleadings:** Plaintiffs shall have 120 days from the date this report is signed to amend the pleadings. Defendant shall have 150 days from the date this report is signed to amend the pleadings.

(g) **Class Certification Experts:** Plaintiffs shall identify any class certification expert and produce a copy of his or her report within 180 days from the date this report is signed. Defendant shall identify any class certification expert and produce a copy of his or her report within 45 days after Plaintiffs identify their class certification expert.

(h) **Class Certification Motion:** Any motion for class certification and supporting briefs and exhibits must be filed within 210 days from the date this report is signed. Defendant shall respond within 30 days of the filing of the motion for class certification. Plaintiffs' reply will be due 15 days thereafter.

(i) **Trial:** The parties request that the Court hold a scheduling

conference to discuss the remaining scheduling issues following a decision on the class certification issue, as this issue will have a significant effect on the amount of time necessary to prepare for and complete a trial. Within 30 days of a ruling on class certification, the parties should submit their proposal for the remainder of the schedule, including a trial date.

(j) The parties do not now know if a protective order will be necessary. It may become apparent that a protective order is needed to protect the disclosure of confidential, privileged, trade secret or proprietary information that should not be disclosed outside of this litigation. If that occurs, the parties will make a good faith attempt to agree to such an order before asking the Court to intervene.

**5.      Electronic Data:**

Where relevant and responsive, the parties will produce photocopies and/or pdf versions of data that is maintained electronically. The parties agree to work together to agree upon the types of electronic data that should be preserved.

**6.      Electronic Service**:

The parties agree that service of any document may be effected by email, but that deadlines for responding to documents served via email will be calculated as if such documents had been served by U.S. Mail.

**7.      Settlement:**

The parties agree that the possibility of settlement cannot be evaluated at this early juncture.

**8. Other Items**.

(a) The parties do not request a conference with the Court before entry of the scheduling order.

(b) Though the parties do not anticipate significant electronic discovery issues, the disclosure or discovery of electronically stored information (ESI) should be handled as follows:

i. The production of ESI should be done in .pdf format.

ii. If either party withholds information claiming a privilege or protection as trial preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable the other party to assess the applicability of the privilege or protection.

iii. The parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial preparation material.

The attorneys for the parties jointly prepared this Report of the Parties' Planning Meeting.

Respectfully submitted this, the 23rd day of November 2009.

> s/ James D. Patterson [1]
> JAMES D. PATTERSON (PATTJ6485)
> LAW OFFICES OF EARL P. UNDERWOOD, JR.
> 21 South Section Street
> Post Office Box 969
> Fairhope, Alabama 36533
> Telephone: (251) 990-5558
> Facsimile : (251) 990-0626
> jpatterson@alalaw.com

---

[1] **Attorney James D. Patterson has given his permission for his signature to be affixed to this document for filing with the Court.**

s/ James B. Newman
                                            JAMES B. NEWMAN (NEWMJ8049)
                                            Attorney for Defendant CardWorks Servicing, LLC

OF COUNSEL:
HELMSING, LEACH, HERLONG,
　　　NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
(251) 432-5521
Email:  jbn@helmsinglaw.com

Doc 224811