## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SUSSI J. DALTON, individually and on behalf of all similarly situated individuals, | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | : CIVIL ACTION NO.<br>: 09-0563-CB-C |
| | : |
| CARDWORK SERVICING, LLC., | :<br>: |
| Defendant. | : |

### RULE 16(b) SCHEDULING ORDER

After consideration of the Fed.R.Civ.P. 26(f) report (Doc. 12), and the pleadings of the parties, the following scheduling order is entered pursuant to Fed.R.Civ.P. 16(b):

1. **ISSUES SUBJECT TO DISCOVERY**.  This action is brought as a potential class action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.  The discovery issues will involve matters relevant to the class certification motion and the merits of the plaintiff(s) claims, including issues related to the appropriate damages should liability be proven.  Given the nature of this action and the potential need for the resolution of a class certification motion, discovery will proceed in two phases.

2. **DISCOVERY COMPLETION DATE**.  The first phase of discovery is to be completed on or before **June 22, 2010.**  The parties have agreed to use this period to explore the underlying bases for plaintiff's

claim and any factual support for certifying this action as a class action.[1] The parties shall supplement the present Rule 26(f) Report fourteen (14) days after the time for filing a motion for class certification has expired (June 23, 2010) or a ruling on any pending class certification motion is entered. The supplemental report shall provide a status of the action and additional scheduling needs existing at that time.

**Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it <u>and</u> (2) that the parties have diligently pursued discovery.**

For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production filed and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

3. <u>INITIAL DISCLOSURES</u>. The initial disclosures required by Fed.R.Civ.P. 26(a)(1) shall be exchanged not later than **January 12, 2010.**

4. <u>AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES</u>. Motions for leave to amend the pleadings and/or to join other parties must be filed by **April 2, 2010** by Plaintiff and **May 2, 2010** by Defendant.

5. <u>EXPERT TESTIMONY</u>. Expert reports related to class certification issues, as required by Fed.R.Civ.P. 26(a)(2)(B), shall be produced by plaintiff on or before **April 22, 2010** and by the defendant on or before **May 21, 2010.** Rebuttal evidence, authorized by Rule 26(a)(2)(C), shall be disclosed on or before **May 21, 2010** by the defendant and **June 21, 2010** by plaintiffs. **An expert's deposition, if taken, must be noticed and**

---

[1] Even though the Court does limit the discovery issues during the first phase of discovery, such limits may be exceeded by agreement of the parties in order to avoid unnecessary expense and delay.

**completed within thirty (30) days of the date on which the expert's report is disclosed.**

**All challenges to expert witnesses retained to give testimony with regard to a class action motion, including *Daubert* motions, must be included in the motion for class certification or response thereto. The motion for class certification is to be filed not later than June 22, 2010. Defendant's response will be due twenty-eight (28) days after service of the motion for class certification.**

6. PRETRIAL DISCLOSURES. **Reserved until the filing of a supplemental Rule 26(f) Report.**

7. SUPPLEMENTATION. Supplementation of disclosures and responses as required by Fed.R.Civ.P. 26(e) is to be accomplished "in a timely manner", but not later than **June 29, 2010.**

8. FINAL PRETRIAL CONFERENCE. **Reserved until the filing of a supplemental Rule 26(f) Report.**

9. TRIAL DATE. **Reserved until the filing of a supplemental Rule 26(f) Report.**

10. DISCOVERY LIMITS. Discovery in the first phase of discovery is limited as follows:

   a. Not more than **30** interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

   b. Not more than **7** depositions may be taken by each party, limited in duration as expressed by the parties in ¶ 4(a) of their Report;

   c. Not more than **two set(s) of** requests for admissions may be served by each party upon any other party, limited to 25 requests, including all discrete subparts. Responses are due within thirty (30) days of service;

      d.      Not more than **two set(s) of** requests for production of documents may be served by each party upon any other party, limited to 30 requests, including all discrete subparts.  Responses are due within thirty (30) days of service.  **Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

      In applying these limits, all parties represented by the same counsel will be treated as a single party.

      11.      <u>DISCOVERY MOTIONS</u>.  The following requirements pertain to discovery motions filed in this Court:

      a.      <u>Conferencing by Counsel</u>.  The conferencing requirement of Fed.R.Civ.P. 26(c), 37(a)(1), and 37(d) will be strictly enforced.  This requirement will also apply to a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a) and a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a).  Any such motion not containing the required certification will be stricken.[2]

      b.      <u>Time of Filing; Form</u>.  A motion for protective order pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a), and a motion to compel

---

[2]      Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary.  All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes.  In this context, confer means "to have a conference; compare and exchange ideas;  meet for discussion; converse."  *Webster's New World Dictionary* (College Edition, 1968). A conference is  "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes."  *Black's Law Dictionary*, Rev. 4th ed. (1968).   Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes.

pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court.  Any such motion shall quote in full (1) each interrogatory, request for admission or request for production to which the motion is addressed, or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party.  Unless otherwise ordered by the Court, the complete transcripts or discovery papers are not to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

   c. Time for Responses. Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion.  Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which their response is based.

   d. Direct Referrals.  Pursuant to local practice, all motions relating to discovery, which are filed prior to the final pretrial conference, will be referred directly to the undersigned for appropriate action.  Motions filed after the final pretrial conference relating to the discovery process or seeking leave to engage in additional discovery will go to the trial judge initially.

   e. Privilege or Protection of Trial Preparation Materials. The provisions of Fed.R.Civ.P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production.  The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the Introduction to Civil Discovery Practice in the Southern District of Alabama, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules and published on the Court's website, **http://www.als.uscourts.gov**).

  12. **DISPOSITIVE MOTIONS**.  As previously ordered, a

motion for class certification, if any, is to be filed not later than **June 22, 2010.  The Defendant shall respond to the motion within twenty-eight (28) days after being served. The final date for filing dispositive motions, including summary judgment motions, is reserved until the filing of a supplemental Rule 26(f) Report.**

In submitting exhibits, the parties are reminded of Local Rules 5.5(b) and (c), which provide that only relevant portions of deposition transcripts or other discovery materials shall be filed in support of or in opposition to a motion. Evidentiary submissions that do not comport with these requirements may be disregarded.

13. <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>.  Unless prior permission of the Court is given:

   a. Briefs filed in support of or in opposition to any motion shall comply with SD ALA LR 7.1(b) (June 1, 1997).  The Court will look with disfavor upon a motion to exceed the page limitation and will only grant such a motion for extraordinary and compelling reasons.

   b. Any application to the Court for an order shall comply with LR 5.1(c) & (d).

   c. Papers transmitted to the Court by facsimile will not be accepted for filing.  A copy of this Court's policy regarding the faxing of documents can be found on the Court's website, http://www.alsd.uscourts.gov.

14. <u>MODIFICATION OF RULE 16 ORDERS</u>.  All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court.  An order entered after the final pretrial conference shall be modified only to prevent manifest injustice.  Rule 16(b) & (e), Fed.R.Civ.P.

15. <u>SETTLEMENT/ADR</u>.  A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and

litigation costs.  If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan.  Accordingly, the parties are **ORDERED** to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure.  The written assessment shall be filed as soon as possible during the first phase of discovery no later than the close of discovery.  Rule 16(c)(2)(I).

16. LOCAL RULES.  All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery,  motions to dismiss and for summary judgment, and other matters.  They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Company), but are amended from time to time.  A current version may be obtained from the Clerk or downloaded from the Court's website, **http://www.als.uscourts.gov**.  Local Rule 5.5(a) proscribes the filing of most discovery materials.

17. SANCTIONS.  The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

18. ELECTRONICALLY STORED INFORMATION.  It is decided that the parties have agreed on the scope of ESI to be preserved, the manner of its production and the methodology for assessing the costs of production.  Any variance from these agreements must be explained fully if any motion covering the production and costs of ESI is filed.

DONE AND ORDERED this 22nd day of December, 2009.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**