**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SUSSI DALTON, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE No. 09-CV-563 |
| vs. | ) ) ) | CASE NO.:  09-CV-563 |
| CARDWORKS SERVICING, LLC | ) ) | |
| Defendant. | ) | |

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT

Come now the Plaintiff and Defendant CardWorks Servicing, LLC ("CardWorks"), each by and through their undersigned attorneys, and move this Court to enter an order providing preliminary approval of the settlement of this matter, and as grounds therefore shows the Court as follows:

1.     Plaintiffs and CardWorks have entered into a Settlement Agreement, which is attached hereto as Exhibit 1, which completely resolves this matter.  The Settlement Agreement is based upon the certification of a nationwide class of consumers to whom CardWorks sent a collection letter exemplified by Exhibit "A" to the settlement agreement. The terms of the settlement are fair, reasonable and adequate, and the Settlement Agreement is the product of extensive and vigorous negotiation conducted over several months of negotiations.

1

2.      In determining whether to give final approval to the proposed settlement, the parties respectfully submit that the Court must find that the settlement is fair, adequate and reasonable, and not the product of collusion.  In determining whether the settlement meets these goals, the parties respectfully submit that the following criteria should be examined:

(a)      The existence of fraud or collusion behind the settlement;

(b)      The complexity, expense and duration of the litigation;

(c)      The stage of proceedings and the amount of discovery concluded;

(d)      The probability of Plaintiff's success on the merits;

(e)      The range of possible recovery; and

(f)      The opinions of class counsel, class representatives and absent class members.

Leverso v. SouthTrust Bank, 18 F.3d 1527 (11th Cir. 1994).

3.      When determining whether to approve a class action settlement, the parties respectfully submit that the Court conducts a two step process.  First, the Court should make a preliminary fairness evaluation of the proposed settlement.  See Manual for Complex Litigation, 4th § 21.632 (2004).  This motion seeks such a preliminary approval, which should evaluate the likelihood that the Court will approve the settlement during its second review stage, after the completion of a full fairness hearing.  During the preliminary evaluation, the Court should examine the submitted materials and determine whether the proposed settlement appears fair on its face.  In re Corrugated Container Antitrust Litigation, 643 F.2d 195, 212 (5th Cir. 1981).

4.     The settlement as proposed in the accompanying documents provides substantial relief to the proposed class.  The settlement is the product of extensive and vigorous settlement negotiations.  The settlement of this action will end lengthy and complex litigation, and provide meaningful and substantial relief to a nationwide class of consumers.  As such, request is made that this Court issue its preliminary approval of the settlement, and allow notice to be issued as contemplated in the settlement documents.

WHEREFORE, Plaintiff and Defendant request an Order of this Court preliminarily approving the settlement as set forth herein, approving the notices attached to the settlement agreement, and such other and further orders as may be appropriate, the premises considered.


Done this 4th day of August, 2010.


/s/ Earl P. Underwood, Jr. [1]
EARL P. UNDERWOOD, JR. (UNDEE6591)
Counsel for Representative Plaintiffs and the Class

OF COUNSEL:
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama  36533
(251) 990-5558
Email:  epunderwood@alalaw.com

---

[1]   Attorney Earl P. Underwood, Jr., has given permission for his signature to be affixed to this document for filing with the Court.

s/James B. Newman
JAMES B. NEWMAN (NEWMJ8049)
Attorney for Defendant CardWorks Servicing, LLC

OF COUNSEL:
Helmsing, Leach, Herlong
     Newman & Rouse
Post Office Box 2767
Mobile, Alabama  36652
(251) 432-5521
Email:  jbn@helmsinglaw.com

254855

4

**EXHIBIT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSSI DALTON, individually and on behalf of all similarly situated individuals | ) ) ) | |
| Plaintiff, | ) | CASE No. 09-CV-563 |
| | ) ) | |
| v. | ) ) | |
| CARDWORKS SERVICING, LLC | ) ) | |
| | ) ) | |
| Defendant. | ) | |

### SETTLEMENT AGREEMENT

This Settlement Agreement, between Plaintiff, Sussi Dalton individually, and on behalf of a settlement class of similarly situated persons in the matter of <u>Sussi Dalton.,</u> <u>v. CardWorks Servicing, LLC</u>, and Defendant, CardWorks Servicing, LLC ("CardWorks"), was reached after arms-length negotiations between all parties, and is entered into as of July____, 2010.

The settlement class consists of all persons in the United States who received from CardWorks the form collection letter annexed hereto as Exhibit A, on or after August 28, 2008 and who have affirmatively "opted-in" to this Settlement Agreement (the "Settlement Class").

### PREAMBLE

A.      Plaintiff Sussi Dalton filed her Complaint in this action on August 28, 2009.  The Complaint alleges that the debt collection letter at issue violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq</u>. ("FDCPA").  The Complaint also

807983_1

1

claims that CardWorks' alleged violation of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.

B.     CardWorks denies that it is liable in any way to Plaintiff or the Settlement Class and denies that its actions violated the FDCPA in any manner.  CardWorks is, however, willing to enter into this Settlement Agreement to avoid the further expense and inconvenience of litigation, and has concluded that it is in its best interest to resolve and settle all claims which have been made or could be made against it by Plaintiff and the Settlement Class arising out of CardWorks' alleged violation of the FDCPA.

C.     Plaintiff, through her attorneys, has made a thorough and independent investigation of the facts and law relating to the controversies between the parties. Plaintiff and her counsel have concluded that the outcome of the controversies existing between the parties cannot be ascertained with certainty and that it is in the best interests of the Plaintiff and the Settlement Class to resolve their claims against CardWorks upon the terms in this Settlement Agreement.

## SETTLEMENT TERMS

NOW, THEREFORE, it is agreed by and between the undersigned that this lawsuit is settled, upon final approval by the District Court after a hearing, and upon entry of a final judgment of dismissal with prejudice as provided in this Settlement Agreement, all subject to the following terms and conditions:

1.     This Settlement Agreement shall not be construed or be deemed to be an admission or concession by CardWorks of any liability or wrongdoing whatsoever, and CardWorks specifically denies that the conduct at issue gives rise to any such liability.

807983_1

2

2.      The parties agree to undertake and use their commercially reasonable efforts to effectuate this Settlement Agreement and to support and conclude the settlement described herein (the "Settlement").  As soon as practicable, the parties will take all necessary steps to secure the Court's preliminary approval of this Settlement Agreement and after notice to all individuals eligible to opt into the Settlement Class (the "Opt-In Eligibles"), the parties will take all steps necessary to secure the final approval of the Settlement Agreement and the dismissal of the lawsuit with prejudice. For the purposes of this Settlement only, two or more Opt-In Eligibles jointly obligated on the same debt who "opt-in" shall be treated as a single Settlement Class member.

3.      For purposes of settlement only, CardWorks agrees to the certification of the Settlement Class, pursuant to Fed.R.Civ.P. 23(b)(3).

4.      For the purposes of settlement only, CardWorks agrees to the appointment of Sussi Dalton as class representative and the appointment of her attorneys, Kenneth J. Riemer and Earl P. Underwood , Jr. , of Underwood & Riemer, PC., as class counsel (the "Class Rep" and the "Class Counsel" respectively).

5.      Under the terms of this Settlement Agreement, class certification is appropriate because:

    (a)      the Settlement Class is so numerous that joinder of all members is impracticable;

    (b)      there are questions of law and fact common to the Settlement Class;

    (c)      the claim of the Class Rep is typical of the claims of the Settlement Class; and,

(d)     the Class Rep will fairly and adequately protect the interest of the

Settlement Class.

6.     Pursuant to section 1692k of the FDCPA, the maximum statutory

damages recoverable by the Settlement Class against CardWorks would be the lesser

of 1% of CardWorks' net worth or $500,000.  Here, CardWorks' counsel has

represented that 1% of Cardworks' net worth as of the relevant date is approximately

$109,000.  Moreover, CardWorks has represented that there are approximately 18,500

potential members of the Settlement Class.

7.     CardWorks represents that it is not aware of any other lawsuits pending

against it concerning the collection letter/action at issue here.

Settlement Payment

8.     In consideration of the full and complete settlement, release and

discharge of all claims of the Class Rep and the Settlement Class against CardWorks,

and subject to the provisions of this Settlement Agreement and all applicable orders of

the District Court, CardWorks agrees to pay up to, and in no case more than, $100,000

as described below:

(i) $3,000 to Class Rep Sussi Dalton;

(ii) $35,000 to Class Counsel; and

(iii) up to, but in no case more than, $62,000, inclusive of fees

associated with notice to the Opt-In Eligibles and distribution of settlement funds to the

Settlement Class (the "Settlement Class Funds"), to be divided, after the deduction of

said fees and costs, pro-rata among the Settlement Class as described within

Paragraph 10 herein.  In no event shall any Opt-In Eligible who does not affirmatively "opt-in" to the Settlement Class be entitled to any relief under this Settlement Agreement.

Timing of Settlement Payments

9.     Upon preliminary approval of this Settlement Agreement, CardWorks shall, within fourteen (14) days, make payment to Tilghman & Co., Inc. (the "Claims Administrator"), from the Settlement Class Funds, for all costs associated with providing notice of this Settlement to the Opt-In Eligibles.  The notice shall provide that an Opt-In Eligible may opt-in to the Settlement Class.

10.    Within thirty (30) days after the final approval of this Settlement Agreement, CardWorks shall (i) make payment to the Claims Administrator, from the Settlement Class Funds, of all costs associated with the administration of claims and distribution of settlement funds to the Settlement Class; (ii) make payment to the Claims Administrator, from the Settlement Class Funds, in the amount of the lesser of the remainder of the Settlement Class Funds or a sum representing $10.00 for each Settlement Class who has affirmatively "opted-in" to the Settlement Class by submitting a claim form to the Claims Administrator on or before fifteen (15) days prior to the hearing before the Court on the final approval of this Settlement Agreement; and (iii) make payment to Class Counsel in the amount of $38,000, representing the $3,000 payment due the Class Rep and $35,000 representing attorneys' fees and costs associated with this litigation.

11.     If an objection to the Settlement is filed by any Settlement Class Member, or any other person or entity, the payments set forth within Paragraph 9 and 10 herein shall be made 14 or 30 days, respectively, after the final denial of any such objection.

Claims Administration

12.     The Claims Administrator shall send out the class notice annexed here to as Exhibit B (the "Class Notice")  to each Opt-In Eligible within 14 days of preliminary approval of this Settlement Agreement by the Court.

13.     Counsel for CardWorks shall provide to the Claims Administrator the names and addresses of each Opt-In Eligibles reasonably available or accessible to CardWorks (the "Information").  The Information shall not be provided until the Claims Administrator acknowledges in writing that the Information is considered confidential and shall not be provided to any other person or entity, including but not limited to the Class Rep or Class Counsel.  Upon completing its duties, the Claims Administrator shall return all copies of information provided to it by CardWorks.

Covenant of Non-Solicitation

14.     Class Counsel agrees that for a period of two (2) years following the date of this Settlement Agreement, it will not solicit, directly or indirectly, and shall not refer to any other person, business from any Opt-In Eligible which is related in any way to the facts alleged in this litigation.

15.     CardWorks, pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act, shall notify the appropriate Federal and State regulatory authorities of this proposed Settlement within 10 days of the filing of the motion to approve this

807983_1

6

Settlement Agreement and shall file with the Court notification of CardWorks'
compliance with 28 U.S.C. § 1715(b).

16.     The Settlement set forth in this Settlement Agreement shall not become
effective unless the Court finally approves the Settlement Agreement, without material
alteration, as fair, reasonable, and adequate.  In the event that the Court does not
approve this Settlement Agreement, this entire Settlement Agreement shall become null
and void. In the event that this Settlement Agreement shall become null and void for
any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply.  No
admission of law, fact, or combination of law and fact will be found to exist as a result of
this Settlement Agreement, and no part of this Settlement Agreement will be admissible
in any litigation.

17.     Promptly after the execution, the parties shall jointly submit this
Settlement Agreement to the Court and move for an order:  (a) preliminarily finding that
this Settlement Agreement is fair to all members of the Settlement Class; and, (b)
approving the Class Notice.

Release

18,.     Class Rep and the Settlement Class, and each of them, hereby release
and forever discharge CardWorks, its past or present parents, affiliates, subsidiaries,
successors, predecessors and assigns, and its present or former directors, officers,
employees, partners, members, principals, employees, agents, insurers and attorneys,
("Released Parties") of and from all causes of action, suits, claims and demands,
whatsoever, in law or in equity, known or unknown at this time, which Class Rep and

the Settlement Class now have, ever had, or hereafter may have against CardWorks, or any of them, arising out of or relating to the claims that were asserted or alleged or which could have been asserted or alleged in the Complaint and arising out of CardWorks' alleged violations of the FDCPA. CardWorks hereby agrees that it shall be barred from pursuing any claims for relief under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Class Rep, Class Counsel or against any member of the Settlement Class arising out of CardWorks' alleged violations of the FDCPA asserted or alleged or which could have been asserted or alleged in the Complaint. The underlying debts, which CardWorks was attempting to collect, via the collection letter at issue, are in no way affected by this Settlement Agreement and nothing herein shall prevent CardWorks from continuing to attempt to collect the debts allegedly owed by the Class Rep or the Settlement Class. Except as provided for in this Settlement Agreement, Class Representative, the Settlement Class and Class Counsel hereby waive, discharge and release the Released Parties from any and all claims for attorney's fees by lien or otherwise, for legal services rendered by Class Counsel in connection with this litigation.

19.     Nothing in this Settlement Agreement shall affect the rights of any Opt-In Eligible member who does not affirmatively "opt-in" to the Settlement Class to pursue any of its rights or any claim against CardWorks.

20.     The Court shall retain jurisdiction over the Settlement and this Settlement Agreement.

21.     The parties agree that this Settlement Agreement is the product of negotiation between the parties through their respective counsel and that no party shall be deemed to have drafted this Settlement Agreement.

22.     This Settlement Agreement shall be interpreted in accordance with the laws of the State of Alabama for all state law issues, and in accordance with Federal law for all other issues.

23.     This Settlement Agreement shall become effective upon its execution, which may be done in counterparts and final approval of the Court.  Photocopies or facsimiles of executed copies of this Settlement Agreement may be treated as originals.

| UNDERWOOD & RIEMER, PC | HELMSING, LEACH, HERLONG, NEMAN & ROUSE |
|---|---|
| By:_____<br> Earl P. Underwood, Jr.<br>21 South Section Street<br>Fairhope, Alabama 36533<br>(251) 990-5558<br><br>*Attorneys for Plaintiff* | By:_____<br> James B. Newman<br>Post Office Box 2767<br>Mobile, Alabama 36652<br>(251) 432-5521<br><br>*Attorneys for Defendants* |

CARDWORKS SERVICING
P.O. BOX 9201
OLD BETHPAGE, NY 11804



EXHIBIT
A
To Settlement
Agreement

DATE

NAME
ADDRESS 1
CITY, STATE ZIP

Account number:     XXXXXXXXXXXXXXXX
Re:                 NAME
Balance Due:        $XXX.XX
Creditor:           CREDITOR NAME

Dear CUSTOMER:

Please be advised that your above referenced account, is being handled by this office and is in default.

By contacting us within five (5) days of the date of this letter, payment arrangements on your account can be made. Please contact our office today, toll free, at 1-877-487-5583 to avoid additional collection efforts. The hours of operation are Monday-Wednesday and Friday 8:00 am to 9:00 pm EST, Thursday 12:30pm to 9:00 pm EST, and Saturday 8:00 am to 4:30 pm EST.

If you have any questions, please contact us at 1-877-487-5583.

Sincerely,
CardWorks Servicing

### IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: (i) Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. (ii) Provide you with the name and address of the original creditor, if different from the current creditor.

**IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW**

**FEDERAL VALIDATION NOTICE:**
PURSUANT TO U.S.C/1692G/(a). TAKE NOTICE THAT:
1. THE AMOUNT OF THE CLAIMED DEBT IS THE AMOUNT STATED IN THE LETTER ON THE REVERSE SIDE OF THIS NOTICE.
2. THE NAME OF THE CREDITOR TO WHOM IS OWED IS IN THE LETTER ON THE REVERSE SIDE OF THIS NOTICE.
3 .UNLESS YOU DISPUTE THE VALIDITY OF THE ABOVE DEBT, OR ANY PORTION THEREOF, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF THIS NOTICE, THE DEBT WILL BE ASSUMED TO BE VALID BY US.
4. IF YOU NOTIFY OUR OFFICE BELOW IN WRITING WITHIN THIRTY (30) DAYS OF YOUR RECEIPT OF THIS NOTICE THAT THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF ANY JUDGEMENT TO YOU.
5.UPON YOUR WRITTEN REQUEST TO THE OFFICE BELOW WITHIN THIRTY (30) DAYS OF YOUR RECEIPT OF THIS NOTICE, WE WILL PROVIDE YOU WITH THE NAME AND THE ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR LISTED IN THE LETTER ON THE REVERSE SIDE OF THIS NOTICE.

**TENNESSEE RESIDENTS:**
THIS COLLECTION AGENCY IS LICENSED BY THE COLLECTION SERVICE BOARD OF THE DEPARTMENT OF COMMERCE AND INSURANCE.

810914_1

**COLORADO RESIDENTS:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM.   A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY
OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

**NEW YORK STATE RESIDENTS:**
NEW YORK CITY DEPARTMENT OF CONSUMERS AFFAIRS LICENSE NUMBER: 1184611

**WISCONSIN RESIDENTS:**
THIS COLLECTION AGENCY IS LICENSED BY THE OFFICE OF  THE ADMINISTRATOR OF THE DIVISION OF BANKING, P.O. BOX 7876, MADISON, WISCONSIN 53707.

**NORTH CAROLINA RESIDENTS:**
NORTH CAROLINA DEPARTMENT OF INSURANCE PERMIT NUMBER: 4390

**MINNESOTA RESIDENTS:**
THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**CALIFORNIA RESIDENTS:**
1. THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 AM OR AFTER 9 PM. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL AT WORK IF THEY KNOW OR HAVE REASON TO KNOW  THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK.  FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGEMENT.  FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.
2.AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CURRENT OBLIGATIONS.

**UTAH RESIDENTS:**
AS REQUIRED BY UTAH LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS.

**MASSACHUSETTS RESIDENTS:**
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGAURDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT.  ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN COMMUNICATION OF  THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST.  YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR AT P.O. BOX 9201, OLD BETHPAGE, NY 11804-9001.  IF YOU WISH TO DISCUSS THIS MATTER, PLEASE CALL US DIRECT AT 1-877-487-5583 DURING THE HOURS REFERENCED BELOW.

**HOURS OF OPERATION:**
MONDAY-WEDNESDAY AND FRIDAY 8:00AM TO 9:00PM EST
THURSDAY 12:30PM TO 9:00PM EST
SATURDAY 8:00AM TO 4:30PM EST
PHONE NUMBER 1-877-487-5583

810914_1

EXHIBIT
B
To Settlement
Agreement

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSSI DALTON, Individually and<br>on behalf of all similarly situated<br>individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>CARDWORKS SERVICING, LLC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 09-00563-CB-C |

## NOTICE OF CLASS CERTIFICATION
## AND SETTLEMENT OF CLASS ACTION

To:    **All Persons who, after August 28th 2008 received a form collection letter from CardWorks Servicing, LLC., ("CardWorks") exemplified by Exhibit A.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO BOTH THE CERTIFICATION OF A CLASS AND A PROPOSED SETTLEMENT OF THIS CLASS ACTION. IF YOU ARE ELIGIBLE TO BE A SETTLEMENT CLASS MEMBER, IT CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS CONCERNING THE SETTLEMENT AS FURTHER DESCRIBED BELOW. IF YOU ARE ELIGIBLE TO BE A MEMBER OF THE SETTLEMENT CLASS AND DO NOT OPT-IN, YOU WILL NOT BE BOUND BY THE RELEASE AND WILL NOT BE BOUND BY THE SETTLEMENT AND ANY JUDGMENTS IN THIS ACTION.**

YOU ARE HEREBY NOTIFIED that the United States District Court for the Southern District of Alabama has preliminarily approved this litigation to proceed as a class action for the purpose of settlement. This Notice is being sent to you, in part, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, to advise you of the pendency and nature of this litigation and your rights in connection with it.

YOU ARE HEREBY FURTHER NOTIFIED, pursuant to an Order of the Court and Rule 23 of the Federal Rules of Civil Procedure, that a settlement of this litigation has been reached. One of the purposes of this Notice is to inform you of the settlement and of the Settlement Hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the settlement. This Notice describes the rights you may have in relation to the settlement and this litigation.

## NATURE OF THE ACTION

Plaintiffs have asserted claims in connection with certain language used in Exhibit "A." Plaintiffs contend that CardWorks engaged in unlawful practices relating to disclosures required by the Fair Debt Collection Practices Act (FDCPA) disclosures.

CardWorks has denied and continues to deny any and all claims and contentions alleged by the Plaintiffs in this litigation and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, disclosures, acts or omissions alleged, or that could have been alleged, in this litigation.

## DEFINITION OF THE SETTLEMENT CLASS

If the Settlement Agreement is approved, the Court will certify a class in this litigation for the purpose of settlement. This class would consist of all persons who after August 28th 2008 received a form collection letter from CardWorks exemplified by Exhibit "A" who elect to "opt-in" to the settlement (the "Settlement Class").

## EFFECT OF PARTICIPATING IN THE SETTLEMENT

If you elect to become a member of the Settlement Class as defined herein, your legal rights with respect to the claims asserted against CardWorks will be determined in this action and you will be bound by any order or judgment that the Court has entered or will enter with

respect to the Settlement Class. Unless you timely opt-in to the Settlement Class in the manner set forth below you will not be entitled to share in the settlement

## THE SETTLEMENT

Pursuant to the terms of the Settlement Agreement, and in consideration for the release of the Settlement Class members' claims, CardWorks will make a settlement payment to all members of the Settlement Class. If you select to opt-in to the Settlement Class, the settlement payment you receive from CardWorks will depend on a number of variables, including but not limited to the number of persons who elect to become members of the Settlement Class and Claims Administrator costs. However, in no event will any member of the Settlement Class be entitled to a payment in excess of Ten Dollars ($10.00).

## THE RIGHTS OF CLASS MEMBERS

If you are eligible to be a member of the Settlement Class, and you request to be included in the Settlement Class as described below, you will be bound by the terms of the proposed settlement described in this Notice, upon approval of the settlement by the Court.

If you are eligible to be a member of the Settlement Class, you have the following options:

1.     You may elect to be bound by the Settlement Agreement and receive the proceeds from the settlement. You will receive a check after the proper distribution amounts are calculated. You will be bound by any and all determinations or judgments in this litigation in connection with the settlement entered into or approved by the Court. Moreover, you shall be deemed to have, and by operation of the judgment shall have, fully released all of the Released Claims against CardWorks and all other Released Persons, as defined within the Settlement Agreement. If you want to be included in the Settlement Class, you must mail or deliver, such

that it is *received* on or before _____, the enclosed Proof of Claim form

as set forth below.

      2.      You may elect to opt-in to the Settle Class, as described above, and object to the

settlement and/or the application of Representative Plaintiff's Counsel for an award of attorneys'

fees and reimbursement of expenses in the manner set forth below.

      3.      You may, but are not required to, enter an appearance through counsel of your

own choosing at your own expense. If you do not do so and you opt-in to the Settlement Class,

you will be represented by the law firm which has been appointed by the Court as counsel for the

Representative Plaintiff and the Settlement Class.

      4.      You may do nothing. If you do not submit a claim for settlement benefits, and you

do not request to be included in the Settlement Class, you will not be eligible for or receive any

of the proceeds from the settlement, but you will not be bound by the Settlement Agreement.

## CLAIMS PROCESS

You must file the attached Proof of Claim to become a member of the Settlement Class.

If you properly file a Proof of Claim you will share in the proceeds of the settlement. All Proof

of Claim forms must be postmarked or received by _____, addressed

as follows:

> *CS Litigation*
> Proof of Claim
> NAME OF CLAIMS ADMINSTRATOR
> Street Address
> City, State, Zip

## THE HEARING ON THE SETTLEMENT

The Settlement Hearing in this litigation will be held before the Honorable

_____ at the United States Courthouse, 113 St. Joseph Street, Mobile Alabama

36602, on _____, for the purpose of determining: (1) whether the

settlement is fair, just, reasonable, and adequate and whether it should be approved by the Court; (2) whether the proposed distribution of settlement proceeds is fair, just, reasonable, and adequate; (3) whether application of Representative Plaintiff and Representative Plaintiff's Counsel, as defined within the Settlement Agreement, of an award of attorney's fees, costs, and expenses should be approved; and (4) whether final judgment should be entered dismissing the litigation with prejudice.  The Settlement Hearing may be adjourned from time to time by the Court at the Settlement Hearing or any adjourned session thereof without further notice.

Any member of the Settlement Class may appear at the Settlement Hearing to show cause why the proposed settlement should not be approved, or why the litigation should not be dismissed with prejudice, and to present any opposition to the distribution of settlement proceeds or the application of Representative Plaintiff or Representative Plaintiff's Counsel for attorney's fees, costs, and expenses, provided, however, that no such person shall be heard, unless his or her objection or opposition is made in writing and is filed by him or her with the Court no later than_____, and received (by fax or otherwise) on or before _____, by each of the following:

For Representative Plaintiff and/or the Settlement Class:

Earl P. Underwood, Jr.
Underwood & Riemer, PC
21 S. Section Street
Fairhope AL 36533
251-990-5558 (telephone)
251-990-0626 (fax)

For CardWorks:

James Newman
Helmsing, Leach, Herlong, Newman & Rouse
PO Box 2767
Mobile, AL 36652

Further, any exhibits or documents which such person intends to present must be made available for inspection and copying by the foregoing law firms at least _____ prior to the Settlement Hearing. Unless otherwise ordered by the Court, any member of the Settlement Class who does not make his or her objections or oppositions in the manner provided shall be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the proposed settlement, the distribution of settlement proceeds, or the request of Representative Plaintiff or Representative Plaintiff's Counsel for attorney's fees, costs and expenses.

## EXAMINATION OF PAPERS AND INQUIRIES

This Notice contains only a summary of the litigation and the terms of the proposed settlement. For a more detailed statement of the matters involved in the litigation, reference is made to the pleadings, to the Settlement Agreement, and to other papers filed in the litigation which may be inspected at the United States District Court for the Southern District of Alabama, during business hours of each business day. Additionally, a copy of the Settlement Agreement can be obtained from Representative Plaintiff's Counsel.

807902_1

6

**<u>DO NOT CONTACT THE COURT REGARDING THIS NOTICE</u>**

If any questions arise about the settlement or the matters contained in this Notice, you

may contact:

| | |
|---|---|
| Earl P. Underwood, Jr. | James Newman |
| Law Offices of Earl Underwood, Jr. | Helmsing, Leach, Herlong, Newman & Rouse |
| 21 S. Section Street | PO Box 2767 |
| Fairhope AL 36533 | Mobile, AL 36652 |
| 251-990-5558 (telephone) | 205-250-5091 (telephone) |
| 251-990-0626 (fax) | 205-250-5034 (fax) |
| *Attorneys for the Settlement Class* | *Attorneys for CardWorks* |

DATED:_____    _____

807902_1