## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

SUSSI DALTON, individually and
on behalf of all similarly situated
individuals                                          :

    Plaintiff,                        :

vs.                                                  :        CA 09-00563-CB-C

CARDWORKS SERVICING, LLC,            :

    Defendant.

## ORDER

This action was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and is before the Court on the parties' Joint Motion for Preliminary Approval of Class Settlement Agreement (Doc. 16), filed August 4, 2010.

"Judicial review of a proposed class action settlement is a two-step process: preliminary approval and a subsequent fairness hearing." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV, 2010 WL 2401149, at *1 (S.D. Fla. June 15, 2010) (citations omitted). The Court's initial task is to make a "preliminary evaluation of the fairness of the settlement before directing that notice be given to the settlement class." *Id.*; *see also Bennet v. Behrina Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (listing the factors courts in the Eleventh Circuit consider). Our preliminary evaluation here necessarily includes determining whether a class can and should be certified, consistent with the requirements of Rule 23. *See Outten v.*

*Capital Mgmt. Servs., L.P.*, No. 09-22152-CIV, 2010 WL 2194442, at *1-*5 (S.D. Fla. Apr. 9, 2010) (addressing Rule 23 requirements for a settlement class in a case arising out of alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*); MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.632 (2004) (noting that where a case "is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined")

The parties' joint motion (Doc. 16) does not provide the Court with sufficient evidence to make its preliminary evaluation. By way of example only, the draft Settlement Agreement (Exhibit A to the motion) implies—but does not offer proof of—CardWorks' net worth as of the relevant date—a fact this Court must consider to determine whether the "class settlement's amount are fair, adequate, and reasonable," *In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1318 (11th Cir. 2009) (quoting *Bennett*, 737 F.2d at 986), given the FDCPA's statutory damages cap. 15 U.S.C. § 1692k(a)(2)(B); *see also Outten*, 2010 WL 2194442, at *1 (noting that there the Court "requested supplemental ***evidence demonstrating*** [defendant's] net worth" before proceeding with its preliminary fairness review) (emphasis added)); *Thompson v. Midwest Found. Ind. Physicians Ass'n*, 124 F.R.D. 154, 156 (S.D. Ohio 1988) ("Preliminary approval of a proposed settlement is based upon the court's familiarity with the issues and ***evidence***." (emphasis added)); *Thomas v. NCO Fin. Sys., Inc.*, No. Civ.A. 00-CV-05118, 2004 WL 727071, at *1 (E.D. Pa. Mar. 31, 2004) (noting that a joint motion for preliminary approval of a class settlement can be denied for deficiencies in the supporting evidence). Moreover, Plaintiff has failed to submit evidence the Court needs

to determine whether class certification is appropriate. *See, e.g., Outten*, 2010 WL 2194442, at *4 (citing named Plaintiff's declaration and affidavits in support in evaluating Rule 23(a)(4)'s adequacy requirement).

As such, the parties are **ORDERED** to supplement their Joint Motion for Preliminary Approval of Class Settlement Agreement (Doc. 16) **on or before August 30, 2010** with adequate evidence to allow the Court to proceed with its preliminary approval review.

**DONE AND ORDERED** this the 13th day of August, 2010.


s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**