**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| SUSSI DALTON, Individually and on behalf of all similarly situated individuals, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 09-00563-CB-C ) |
| CARDWORKS SERVICING, LLC. | ) ) |
| Defendant. | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF PRELIMINARY
APPROVAL OF CLASS SETTLEMENT**

Plaintiff, individually and on behalf of the proposed class, presents this brief and memorandum in support of preliminary approval of the proposed settlement herein.

## I.  INTRODUCTION, BACKGROUND OF LITIGATION, AND SUMMARY OF SETTLEMENT

The initial Complaint in this action was filed on August 28th 2009. Plaintiff contends that CardWorks engaged in unlawful debt collection practices by failing to properly make the disclosures required by the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiff alleged that certain language used in Exhibit "A," attached to the proposed settlement agreement, Ex. 1 to Doc 16, improperly disclosed the right of a consumer to dispute a debt.

CardWorks has denied and continues to deny any and all claims and contentions alleged by the Plaintiff in this litigation and continues to deny all charges of wrongdoing

or liability against it arising out of any of the conduct, disclosures, acts, or omissions alleged, or that could have been alleged, in this litigation.

The settlement calls for the establishment of a $100,000 settlement fund to be divided, after payment of fees and expenses, amongst approximately 18,500 potential class members who elect to affirmatively "opt in" to the settlement class. See Ex. 1 to Doc. 16 at p. 4.

Through formal and informal discovery, Plaintiff's counsel examined CardWorks's practices. Counsel has made a thorough and independent investigation of the facts and law relating to the controversies between the parties. Plaintiff and her counsel have concluded that the outcome of the controversies existing between the parties cannot be ascertained with certainty and that it is in the best interests of the Plaintiff and the Settlement Class to resolve their claims against CardWorks upon the terms in this Settlement Agreement.

The settlement proposes a nationwide class and provides for compensation to each class member who chooses to "opt in" or become a member of the class. Potential class members who do not "opt in" are not bound by the settlement in any way. Although it denies any violation of the FDCPA, CardWorks has admitted, for purposes of this settlement, that it mailed the disputed collection letter to approximately 18,500 consumers during the class period.

## II. THE PROPOSED SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23 AND SHOULD BE APPROVED

The settlement class would consist of all persons in the United States who received, from CardWorks, the form collection letter, annexed as Exhibit "A" to the

settlement agreement, on or after August 28th 2008 who have affirmatively "opted-in" to the settlement (the "Settlement Class").

### A.     The Four Prerequisites of Rule 23(a) Are Clearly Satisfied.

Rule 23(a) contains four prerequisites for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed.R.Civ.P. 23(a). In order for a class to be certified, it must satisfy each of these four prerequisites and, in addition, must fall within one or more of the three subdivisions of Rule 23(b). This Class satisfies all of the requirements of Rule 23(a) as discussed by the Court in *In re Commercial Tissue Prods.*, 183 F.R.D. 589 (N.D. Fla. 1998).

#### 1. Numerosity.

The parties estimate that the Class for which certification is sought contains over 18,000 potential members. Thus, the requirement of numerosity set forth in Rule 23(a)(1) is clearly met.

#### 2. Commonality.

The second prerequisite for maintaining a case as a class action is that there be "questions of law or fact common to the class. . ." F.R.Civ.P 23(a)(2). The common and only issue here is, whether or not the disputed collection letters comply with the FDCPA. Commonality is satisfied when there is at least one issue whose resolution will affect all or a significant number of the putative class members. *Drayton v. Western Auto Supply Co.*, 203 F.R.D. 520, 526 (M.D. Fla. 2000). Federal courts recognize that the requirement under Rule 23(a)(2) that "questions of law or fact common to the class" exist is to be read liberally. *See*, *e.g. Armstead v. Pingree*, 629 F.Supp. 273, 280 (M.D. Fla. 1986). Since there is only one issue the commonality requirement is met.

### 3. Typicality.

The third prerequisite for maintaining a class action is that the claims of the class representatives be "typical of the claims or defenses of the class..." F.R.Civ.P. 23(a)(3). The typicality requirement, like commonality, is not demanding. *In re Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524 (M.D. Fla. 1996). "Typicality" does not mean that the claims of the representative parties must be identical to those of the absent class members. *See In re Commercial Tissue Products*, *supra* at 593. Rather, courts have held that typicality is satisfied where the representative plaintiff's claims arise out of the same event or course of conduct as the other class members' claims and are based on the same legal theory. *Id* at 594; *CV Reit, Inc. v. Levy*, 144 F.R.D. 690, 696 (S.D. Fla. 1992); *Drayton,* 203 F.R.D. at 527. Since Mrs. Dalton received the disputed collection letter, she is, therefore, typical.

### 4. Adequacy of Representation.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The named plaintiff must show that she has interests common, and not antagonistic, to the interests of the class and that plaintiff's attorneys are qualified, experienced, and generally able to conduct the litigation. *In re Commercial Tissue Products, supra* at 594-595; *CV Reit, Inc.*, *supra* at 698. The named Plaintiff has and will pursue the claims and settlement vigorously. See Plaintiff's declaration filed herewith as exhibit "A" and incorporated herein by reference.

The court must also determine whether Plaintiff's counsel possesses the qualifications and experience to pursue the legal claims and exhibits the desire to prosecute vigorously a class action. Rule 23(g), Fed. R. Civ. P. (2004); *In re Ins. Mgmt.*

*Solutions Group, Inc.,* 206 F.R.D. 514, 516 (M.D. Fla. 2002). Plaintiff's counsel has committed the necessary resources to investigating and pursuing the claims of the absent members of the Class; is committing the resources necessary to fully protect the members of the Class and is experienced in litigating complex cases such as this. The undersigned has had other class settlements approved in this district and is otherwise experienced and qualified. See, Doc 19, declaration of Earl P. Underwood, Jr. The members of the Class are more than adequately represented by the Plaintiff and her counsel in this cause.

**B. The Class Should be Certified Under Rule 23(b)(3) Because the Common Questions Predominate and A Class Action Is Superior To Other Available Methods For Resolving This Controversy.**

If the prerequisites of Rule 23(a) are satisfied, an action can be maintained as a class action if it falls within one of the three subdivisions of Rule 23(b). Rule 23(b)(3) provides as follows:

> (b) **Class Actions Maintainable**. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
> ....
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy....

Fed. R. Civ. P. 23(b).

In this case, the issues of fact and law common to the Class predominate over any individual issues. Furthermore, the large size of the Class and the small amount of damages involved in each individual claim make a class action the best or only way to fairly and efficiently resolve this controversy. Thus, this case can and should be certified as a class action pursuant to Rule 23(b)(3).

**1. Common Issues Predominate.**

Plaintiff's claims satisfy the requirements of Rule 23(b)(3) that common questions of law or fact predominate over individual questions and that a class action is superior to other available methods of adjudication. As the Supreme Court noted in *Amchem Products, Inc v. Windsor*, 521 U.S. 591, 624 (1997), "predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." As noted previously, the claims of the class members arise from CardWorks's actions, all of which were taken as a matter of company-wide practice and procedure. Plaintiff alleged that CardWorks violated the FDCPA requirements by failing to provide adequate notice of the right to dispute a debt to consumers. Thus, the Class members' claims arise from a nucleus of operative facts and involve questions of law common to all members of the Class. Individual issues with respect to the claims asserted are virtually nonexistent.

**2. A Class Action Is Superior To Other Available Methods of Resolution**

Generally, a class action is superior to other methods of adjudication where the individual claims would yield such small recoveries that individual actions would not be economically viable. *See*, *e.g. In Re Inter-Op Hip Prophesies Liability Litigation,* 204 F.R.D. 330, 348 (N.D. Ohio 2001) ("The 'most compelling rationale for finding superiority in a class action...[is] the existence of a negative value suit'...Negative value claims are claims in which the costs of enforcement in an individual suit would exceed the expected individual recovery.") The United States Supreme Court explicitly recognized this "negative value" factor in its decision in *Amchem Prod. Inc. v. Windsor*, 521 U.S. 591 (1997). There, the Court observed that a principle justification for class actions is "to overcome the problem that small recoveries do not provide the incentive for

6

any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Id.* at 617, (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). This case, of course, is the paradigm of a negative value case. The size of each class member's damage claim, whether for actual damages or statutory damages, is too small to make individual litigation an economically viable alternative. In fact, few if any individual actions have ever been brought against Defendant for the violations at issue in this case. A class action is not only the superior method for resolving this controversy, it is the *only* viable way for the Plaintiffs to seek redress for the violations of the FDCPA.

The superiority of proceeding as a class action is further demonstrated by the efficiencies inherent in adjudicating the common issues in a single action. Instead of multiple cases involving the same facts and the same issues, needlessly wasting judicial resources, here is a single action in which all those disputes can find resolution.

### III. THE SETTLEMENT SATISFIES THE REQUIREMENTS OF RULE 23(e) AND SHOULD BE PRELIMINARILY APPROVED

The law generally favors and encourages the settlement of class actions. *Ressler v. Jacobson*, 822 F.Supp. 1551, 1552 (M.D.Fla.1992); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). In considering a proposed settlement of a class action, federal courts normally follow a two-step approach. "First, the judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing." *Manual for Complex Litigation*, § 13.14 (4th ed. 2004). The decision to approve or reject the

settlement is committed to the sound discretion of the trial court. *Detroit Police Officers Assoc. v. Young*, 920 F.Supp. 755 (E.D. Mich. 1995).

### A. The Settlement is Fair, Reasonable, and Adequate.

In deciding whether to approve a proposed settlement, the reviewing court must ultimately find that the proposed settlement is "fair, reasonable, and adequate." *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers*, 803 F.2d 878, 880 (6th Cir. 1986) *cert. denied sub nom.*, *Jones v. Clark Equip. Co.*, 480 U.S. 934 (1987), citing, *Officers for Justice v. Civil Svc. Comm'n.*, F.2d 615, 625 (9th Cir. 1982).

Under the FDCPA class recovery is limited to the lesser of $500,000 or 1% of the net worth of the Defendant. 15 U.S.C. § 1692k(a)(2)(B). Here counsel for the defendant has represented to Plaintiff's counsel that 1% of CardWorks net worth during the relevant period was $109,000. With the settlement fund to be $100,000, almost the maximum recovery under the statute the settlement is certainly adequate. See proposed settlement agreement at ¶¶ 6 and 8.

In addition, there is a split in the circuits on whether or not CardWork's conduct even violates the FDCPA. See *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S. Ct. 1605, 1610 (U.S. 2010) "We likewise express no view about whether inclusion of an 'in writing' requirement in a notice to a consumer violates § 1692g, as that question was not presented in the petition for certiorari. Compare *Graziano*, supra, at 112 (reading § 1692g(a)(3) to require that 'any dispute, to be effective, must be in writing'), with *Camacho*, supra, at 1082 (under § 1692g(a)(3), 'disputes need not be made in writing')" Courts "should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation, and a presumption of correctness is said to attach

to a class settlement reached in arms length negotiations between experienced, capable counsel after meaningful discovery." Manual for Complex Litig., § 30.41 (2d Ed. 1985); see also *Cotton*, 559 F.2d at 1330; *Lelsz v. Kavanagh*, 783 F. Supp. 286 (N.D. Tex. 1991), aff'd, 983 F.2d 1061 (5th Cir.). *Canupp v. Sheldon,* 2009 U.S. Dist. LEXIS 113488, 38-39 (M.D. Fla. Nov. 23, 2009)

Finally, any potential class member who chooses not be become a member of the Settlement Class need not do one thing and his or her full rights will be preserved.

**B. The Notice Program is Reasonable.**

Rule 23(e) specifies that "[T]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement,..." Fed. R. Civ. P. 23(e). Due process likewise requires that class members be given notice and an opportunity to be heard. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985). The method and manner of notice process is "left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 121 (8th Cir. 1975), *cert. denied,* 423 U.S. 864 (1975).

The Notice Plan, which is described in proposed settlement agreement at ¶¶ 12 and 13, fully complies with Rule 23(e) and with the requirements of due process. The Notice will be sent by first class mail, is written in plain English and includes: (i) a description of the Class, (ii) a description of the proposed Settlement, (iii) the identity of Class Counsel, (iv) the Fairness Hearing date, (v) a statement of the deadlines for filing objections to the Settlement, for submitting a claim, and for filing requests for inclusion or "opt in", (vi) the consequences of not opting in, (vii) a statement of CardWorks's responsibility for Class Counsel's fees and expenses and (ix) how to obtain further

information.

The form and content of the Notice, together with the manner of dissemination set forth above, is reasonably calculated to reach and inform all Class members. It is the "best notice practicable" under the circumstances and more than satisfies the requirements of due process and Rule 23.

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court issue an order certifying, for settlement purposes only, the Class described above, granting preliminary approval of the Settlement and directing that Notice be given as set forth in the Settlement Agreement.

### IV. CONCLUSION

When applying the factors approved by the Supreme Court to the proposed settlement, it is clear that the settlement is within the possible range of recovery, the risks of continued litigation are outweighed by the benefits of the settlement, and the best notice practicable under the circumstances was given to the class. Further, the proposed Settlement Class meets the requirements of Rule 23. For these reasons, the Court should preliminarily approve the Settlement Agreement as fair, reasonable, adequate and in the best interests of the class.

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Underwood & Riemer, PC
21 South Section St.
Fairhope, Alabama 36532
Voice:  251.990.5558
Fax:    251.990.0626
epunderwood@alalaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this, the 6th day of September 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                               /s/ Earl P. Underwood, Jr.
                                               Earl P. Underwood, Jr.