IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SUSSI DALTON, individually and
on behalf of all similarly situated
individuals                                              :

    Plaintiff,                                   :

vs.                                                          :       CA 09-00563-CB-C

CARDWORKS SERVICING, LLC,           :

    Defendant.

## ORDER

This action was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and is before the Court on the parties' Joint Motion for Preliminary Approval of Class Settlement Agreement (Doc. 16) ("Joint Motion"), filed August 4, 2010; the Declaration of Earl P. Underwood, Jr. in Support of Plaintiff's Motion for Preliminary Approval (Doc. 19), filed August 30, 2010; and Plaintiff's Brief in Support of Preliminary Approval of Class Settlement (Doc. 21), filed September 6, 2010.

As the undersigned has previously stated, "[j]udicial review of a proposed class action settlement is a two-step process: preliminary approval and a subsequent fairness hearing," *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV, 2010 WL 2401149, at *1 (S.D. Fla. June 15, 2010) (citations omitted), and our initial task is to make a "preliminary evaluation of the fairness of the settlement before directing that notice be given to the settlement class." *Id.*

Our preliminary evaluation, thus, necessarily includes determining whether a class can and should be certified, consistent with the requirements of Rule 23. *See Outten v. Capital Mgmt. Servs., L.P.*, No. 09-22152-CIV, 2010 WL 2194442, at *1-*5 (S.D. Fla. Apr. 9, 2010) (addressing Rule 23 requirements for a settlement class in a case arising out of alleged violations of the FDCPA). "For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004). Rule 23(a) requires a putative class to meet four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *See* FED. R. CIV. P. 23(a); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009). Where, as here, certification is sought pursuant to Rule 23(b)(3), a court must make two additional findings, specifically: "(1) that common questions of law or fact predominate over questions affecting only individual members ('predominance'); and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')." *Vega*, 564 F.3d at 1265.

"Before analyzing the Rule 23(a) requirements, or as part of the numerosity inquiry, a court must determine whether the class definition is adequate." *County of Monroe, Fla. v. Priceline.com, Inc.*, 265 F.R.D. 659, 666 (S.D. Fla. 2010) (citation and internal quotation marks omitted). Here, the Settlement Class is defined as:

> [A]ll persons in the United States who received from CardWorks the form
> collection letter [that Plaintiff received], on or after August 28, 2008 and who

have affirmatively "opted-in" to [the] Settlement Agreement.

(Doc. 16, Ex. 1 [proposed Settlement Agreement], p. 1.)

The undersigned has identified one major problem with the proposed definition. To the extent the Settlement Agreement contemplates an "opt-in" class (as opposed to an "opt-out" class), it is my view that such a class cannot be certified under Rule 23. *Cf. Anderson v. Cagle's, Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007) ("Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, [Fair Labor Standards Act] collective actions require potential class members to notify the court of their desire to opt in to the action. 29 U.S.C. § 216(b) (2000)."). As the court in *Andrews Farms v. Calcot, Ltd.*, 258 F.R.D. 640 (E.D. Cal. 2009), explained:

> "Rule 23(c) contains a so-called 'opt out' requirement, mandating that members of a class certified under Rule 23(b)(3) be afforded an opportunity to 'request exclusion from that class.'" *Estate of Kern v. Siemens Corp.*, 393 F.3d 120, 124 (2nd Cir. 2004). "Not only is an 'opt in' provision not required, but substantial legal authority supports the view that by adding the 'opt out' requirement to Rule 23 in the 1966 amendments, Congress **prohibited** 'opt in' provisions by implication." *Id.* (emphasis in original); *see also, Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) (requiring class members to opt in is not mandated by due process and would impede judicial efficiency); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974) ("The requirement of an affirmative request for inclusion in the class is contrary to the express language of Rule 23(c)(2)(b)").

*Id.* at 656; *see also H.W. Urban GmbH v. Republic of Argentina*, No. 02 Civ. 5699(TPG), 2003 WL 21058254, at *2 (S.D.N.Y. May 12, 2003) (court suggested "that it might be desirable to have the class consist of persons who 'opt in,' if class action treatment is

permitted"; citing *Shutts*, however, court agreed with plaintiffs that such a class would be "contrary to Rule 23"); *In re Katrina Canal Breaches Consol. Litig.*, Civil Action Nos. 05-4181, *et al.*, 2009 WL 1649501, at *5 (E.D. La. June 9, 2009) ("opt-out nature of Rule 23(b)(3) class actions provides some benefits to unnamed class members that do not inure to opt-in class members, such as tolling while class certification is pending"; [i]t would thus appear inequitable for a Rule 23 class to be an 'opt-in' class while enjoying tolling and any other 'opt-out' benefits") (citation omitted).

To the extent the parties are attempting to use a proof of claim/claims made mechanism to require class members to submit claims in order to receive compensation, the submission of claim forms is not the same as "'opt[ing]-in' to the settlement" (Doc. 16, Ex. 1, p. 1). However—because the Court is certifying a settlement class—including in the notice to class members an invitation to the members to submit claims may be proper. *See Andrews Farms*, 258 F.R.D. at 656 ("Based on well-settled authority, this Court will employ an opt out procedure, as provided by Rule 23(c), and denies Defendants' request for an opt in class action. Defendants may, however, raise a post-liability request, pursuant to Fed. R. Civ. P. 23(d)(1)(B), for this Court to order addition notice to class members to invite members to submit claims."); *Saunders v. Berks Credit and Collections, Inc.*, No. CIV. 00-3477, 2002 WL 1497374 (E.D. Pa. July 11, 2002) (certified FDCPA settlement class) ("Under the terms of the settlement, [defendant sent] pro rata distributions . . . to each [class member] who did not opt out and who submitted a timely, valid claim form.").

Rather than recommending that the District Court deny the Joint Motion, the undersigned invites the parties to explain the propriety of employing an "opt-in" class here or, if the parties are amenable to using an "opt-out" class with a claims made mechanism, how this change would, if at all, affect the proposed settlement.  As such, the parties are **ORDERED** to appear before the undersigned to discuss these issues on **Tuesday, October 5, 2010 at 10:00 a.m.**, in Courtroom 3A, United States Courthouse, Mobile, Alabama.

**DONE and ORDERED** this the 21st day of September, 2010.

s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**