## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SUSSI DALTON, individually and on behalf of all similarly situated individuals | : |
| | : |
| Plaintiff, | : |
| vs. | :  CA 09-0563-CB-C |
| CARDWORKS SERVICING, LLC, | : |
| Defendant. | : |

## **ORDER**

This action was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and is before the Court on the parties' Joint Motion for Preliminary Approval of Class Settlement Agreement (Doc. 16) (the "Joint Motion"), filed August 4, 2010, and evidence and briefing filed in support thereof. (*See* Docs. 19 & 21.) On October 12, 2010, the undersigned conducted a hearing at which, among other things, the parties explained their view as to why this matter should be certified as an "opt-in" class under Rule 23.

As the undersigned has previously explained, the Court's initial responsibility is to make a "preliminary evaluation of the fairness of the settlement before directing that notice be given to the settlement class," *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV, 2010 WL 2401149, at *1 (S.D. Fla. June 15, 2010), which here necessarily includes determining

whether a class can and should be certified, consistent with the requirements of Rule 23. *See Outten v. Capital Mgmt. Servs., L.P.*, No. 09-22152-CIV, 2010 WL 2194442, at *1-*5 (S.D. Fla. Apr. 9, 2010) (addressing Rule 23 requirements for a settlement class in a case arising out of alleged violations of the FDCPA).

The novel approach advocated by the parties, under which only those class members who affirmatively "opt into" this action will be bound, presents a host a problems, and the arguments of the parties at the October 12, 2010 hearing did not change the undersigned's view that an "opt-in" class cannot be certified consistent with the requirements of Rule 23.

***First***, an "opt-in" class is not authorized by—and may even violate—the express language of Rule 23. As the court in *Andrews Farms v. Calcot, Ltd.*, 258 F.R.D. 640 (E.D. Cal. 2009), explained:

> "Rule 23(c) contains a so-called 'opt out' requirement, mandating that members of a class certified under Rule 23(b)(3) be afforded an opportunity to 'request exclusion from that class.'" *Estate of Kern v. Siemens Corp.*, 393 F.3d 120, 124 (2nd Cir. 2004). "Not only is an 'opt in' provision not required, but substantial legal authority supports the view that by adding the 'opt out' requirement to Rule 23 in the 1966 amendments, Congress ***prohibited*** 'opt in' provisions by implication." *Id.* (emphasis in original); *see also, Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) (requiring class members to opt in is not mandated by due process and would impede judicial efficiency); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974) ("The requirement of an affirmative request for inclusion in the class is contrary to the express language of Rule 23(c)(2)(b)").

*Id.* at 656; *see also H.W. Urban GmbH v. Republic of Argentina*, No. 02 Civ. 5699(TPG), 2003 WL 21058254, at *2 (S.D.N.Y. May 12, 2003) (court suggested "that it might be desirable to have the class consist of persons who 'opt in,' if class action treatment is

permitted"; citing *Shutts*, however, court agreed with plaintiffs that such a class would be "contrary to Rule 23").

***Second***, requiring absent class members to affirmatively assert their rights to membership in this class action will effectively—because of the small nature of the recovery in this case—"freeze out" most of the absent class members. The Supreme Court explained the balance struck by Rule 23's requirement that non-representative class members be given the opportunity to "opt-out" of—as opposed to "opt-in" to—class actions in *Shutts*—"The plaintiff's claim may be so small, or the plaintiff so unfamiliar with the law, that he would not file suit individually, nor would he affirmatively request inclusion in the class if such a request were required by the Constitution. If, on the other hand, the plaintiff's claim is sufficiently large or important that he wishes to litigate it on his own, he will likely have retained an attorney or have thought about filing suit, and should be fully capable of exercising his right to 'opt out.'" *Shutts*, 472 U.S. at 813 (footnote omitted); *see also id.* at n.4 ("Requiring the individuals affirmatively to request inclusion in the lawsuit would result in freezing out the claims of people—especially small claims held by small people—who for one reason or another, ignorance, timidity, unfamiliarity with business or legal matters, will simply not take the affirmative step." (quoting Benjamin Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I)*, 81 HARV. L. REV. 356, 397-398 (1967))); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556-57 (11th Cir. 1986) (in the context of rejecting the use of the discovery sanction of dismissal against

non-representative class members who fail to cooperate, the Eleventh Circuit noted that "a discovery order threatening dismissal for non-compliance amounts to no more than an affirmative 'opt-in' device—that is, it requires passive class members to take positive action to stay in the suit," and "[t]he Advisory Committee specifically rejected the practice of forcing absent class members to opt into a Rule 23 class action to secure its benefits"); *On the House Syndication, Inc. v. Federal Exp. Corp.*, 203 F.R.D. 452, 455 (S.D. Cal. 2001) ("In commenting on the duties of class members, the Supreme Court has noted that, generally speaking, 'an absent class-action plaintiff is not required to do anything.'" (quoting *Shutts*, 472 U.S. at 810)).[1]

*Finally*, while a traditional "class action, for settlement purposes, is superior to other available methods for ***fairly and efficiently adjudicating [a] controversy and resolving all of***

---

[1] As explained in the September 21, 2010 Order, because the Court is being asked to certify a settlement class, including in the notice to class members an invitation to the members to submit claims is proper. *See Biben v. Card*, 789 F. Supp. 1001, 1006 (W.D. Mo. 1992) (where "class representative complie[s] with the due process requirements as explained by *Shutts*" by providing class members "notice of the class action and an opportunity to opt-out," later in the proceeding "[a]sking class members to submit claims will not impede the prosecution of [a] class action"); *Andrews Farms*, 258 F.R.D. at 656 ("Based on well-settled authority, this Court will employ an opt out procedure, as provided by Rule 23(c), and denies Defendants' request for an opt in class action. Defendants may, however, raise a post-liability request, pursuant to Fed. R. Civ. P. 23(d)(1)(B), for this Court to order addition[al] notice to class members to invite members to submit claims."); *Saunders v. Berks Credit and Collections, Inc.*, No. CIV. 00-3477, 2002 WL 1497374 (E.D. Pa. July 11, 2002) (certified FDCPA settlement class) ("Under the terms of the settlement, [defendant sent] pro rata distributions . . . to each [class member] who did not opt out and who submitted a timely, valid claim form."); *cf*. MANUAL FOR COMPLEX LITIGATION, THIRD, § 20.232 ("Class members should not, however, be required to submit proofs of claim ***as a condition of membership in the class***, which would be equivalent to establishing an opt-in procedure." (citing *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986)) (emphasis added)).

*the alleged claims*," *Davis v. Abercrombie & Fitch Co.*, No. 08 CV 01859(PKC)(AJP), 2009 WL 1542552, at *2 (S.D.N.Y. June 2, 2009) (emphasis added), the proposed class action here is not. *Cf. Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (noting that where, as here, certification is sought pursuant to Rule 23(b)(3), a court must find "that a class action is superior to other available methods for adjudicating the controversy"). Because the parties' "opt-in" approach fails to bind all class members who fail to submit a claim, it will likely result in thousands of potential claims going unresolved, which could lead to myriad new class actions arising from this defendant's same conduct. Such a result would violate the purpose of class action litigation. *See, e.g., Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1206-07 (5th Cir. 1981) ("It is undisputed that the purpose of Rule 23 is to prevent piecemeal litigation to avoid: (i) a multiplicity of suits on common claims resulting in inconsistent adjudications; and (ii) the difficulties in determining *res judicata* effects of a judgment."); *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 220 F.R.D. 195, 209 (S.D.N.Y. 2003), *reversed by Estate of Kern v. Siemens Corp.*, 393 F.3d 120, 124 (2nd Cir. 2004) ("It is axiomatic that the purpose of a class action is to resolve finally the claims of all members of a class so that future litigation need not occur.").

Before converting this order into a Report & Recommendation to the District Court, recommending that the parties' Joint Motion be denied, the undersigned requests that the parties reconsider structuring their proposed settlement to include an "opt-out" class, and present a revised settlement agreement and revised proposed class notice to the undersigned

5

**on or before October 28, 2010**.

**DONE** and **ORDERED** this the 14th day of October, 2010.

s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**