## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSSI DALTON, individually and on behalf of all similarly situated individuals, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.:  09-CV-563 |
| | ) | |
| CARDWORKS SERVICING, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION FOR PRELIMINARY APPROVAL
## OF CLASS SETTLEMENT AGREEMENT

Come now the Plaintiff and Defendant CardWorks Servicing, LLC ("CardWorks"), each by and through their undersigned attorneys, and move this Court to enter an order providing preliminary approval of the settlement of this matter, and as grounds therefore shows the Court as follows:

1.      Plaintiffs and CardWorks have entered into a Settlement Agreement, which is attached hereto as Exhibit 1, which completely resolves this matter.  The Settlement Agreement is based upon the certification of a nationwide class of consumers to whom CardWorks sent a collection letter exemplified by Exhibit "A" to the settlement agreement. The terms of the settlement are fair, reasonable and adequate, and the Settlement Agreement is the product of extensive and vigorous negotiation conducted over several months of negotiations.

1

2.      In determining whether to give final approval to the proposed settlement, the parties respectfully submit that the Court must find that the settlement is fair, adequate and reasonable, and not the product of collusion.  In determining whether the settlement meets these goals, the parties respectfully submit that the following criteria should be examined:

    (a)     The existence of fraud or collusion behind the settlement;

    (b)     The complexity, expense and duration of the litigation;

    (c)     The stage of proceedings and the amount of discovery concluded;

    (d)     The probability of Plaintiff's success on the merits;

    (e)     The range of possible recovery; and

    (f)     The opinions of class counsel, class representatives and absent class members.

Leverso v. SouthTrust Bank, 18 F.3d 1527 (11th Cir. 1994).

3.      When determining whether to approve a class action settlement, the parties respectfully submit that the Court conducts a two step process.  First, the Court should make a preliminary fairness evaluation of the proposed settlement.  See Manual for Complex Litigation, 4th § 21.632 (2004).  This motion seeks such a preliminary approval, which should evaluate the likelihood that the Court will approve the settlement during its second review stage, after the completion of a full fairness hearing.  During the preliminary evaluation, the Court should examine the submitted materials and determine whether the proposed settlement appears fair on its face.  In re Corrugated Container Antitrust Litigation, 643 F.2d 195, 212 (5th Cir. 1981).

4.      The settlement as proposed in the accompanying documents provides substantial relief to the proposed class.  The settlement is the product of extensive and vigorous settlement negotiations.  The settlement of this action will end lengthy and complex litigation, and provide meaningful and substantial relief to a nationwide class of consumers.  As such, request is made that this Court issue its preliminary approval of the settlement, and allow notice to be issued as contemplated in the settlement documents.

WHEREFORE, Plaintiff and Defendant request an Order of this Court preliminarily approving the settlement as set forth herein, approving the notices attached to the settlement agreement, and such other and further orders as may be appropriate, the premises considered.


Done this 11th day of November, 2010.


/s/ Earl P. Underwood, Jr. [1]
EARL P. UNDERWOOD, JR. (UNDEE6591)
Counsel for Representative Plaintiffs and the Class

OF COUNSEL:
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama  36533
(251) 990-5558
Email:  epunderwood@alalaw.com

---

[1]  Attorney Earl P. Underwood, Jr., has given permission for his signature to be affixed to this document for filing with the Court.

s/James B. Newman
JAMES B. NEWMAN (NEWMJ8049)
Attorney for Defendant CardWorks Servicing, LLC

OF COUNSEL:
Helmsing, Leach, Herlong
        Newman & Rouse
Post Office Box 2767
Mobile, Alabama  36652
(251) 432-5521
Email:  jbn@helmsinglaw.com

270152



# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SUSSI DALTON, individually and )
on behalf of all similarly situated )
individuals )          CASE No. 09-CV-563
        Plaintiff, )
)
   v. )
)
CARDWORKS SERVICING, LLC )
)
)
        Defendant. )

## SETTLEMENT AGREEMENT

This Settlement Agreement, between Plaintiff, Sussi Dalton individually, and on behalf of a settlement class of similarly situated persons in the matter of  Sussi Dalton v. CardWorks Servicing, LLC, and Defendant, CardWorks Servicing, LLC ("CardWorks"), was reached after arms-length negotiations between all parties, and is entered into as of November_, 2010.

The class consists of all persons in the United States who received from CardWorks the form collection letter annexed hereto as Exhibit A, between August 28, 2008 and August 28, 2009 (the "Class").

## PREAMBLE

A.    Plaintiff Sussi Dalton filed her Complaint in this action on August 28, 2009. The Complaint alleges that the debt collection letter at issue violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The Complaint also claims that CardWorks' alleged violation of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.

B.      CardWorks denies that it is liable in any way to Plaintiff or the Class and denies that its actions violated the FDCPA in any manner.  CardWorks is, however, willing to enter into this Settlement Agreement to avoid the further expense and inconvenience of litigation, and has concluded that it is in its best interest to resolve and settle all claims which have been made or could be made against it by Plaintiff and the Class arising out of CardWorks' alleged violation of the FDCPA.

C.      Plaintiff, through her attorneys, has made a thorough and independent investigation of the facts and law relating to the controversies between the parties. Plaintiff and her counsel have concluded that the outcome of the controversies existing between the parties cannot be ascertained with certainty and that it is in the best interests of the Plaintiff and the Class to resolve their claims against CardWorks upon the terms in this Settlement Agreement.

<u>**SETTLEMENT TERMS**</u>

NOW, THEREFORE, it is agreed by and between the undersigned that this lawsuit is settled, upon final approval by the District Court after a hearing, and upon entry of a final judgment of dismissal with prejudice as provided in this Settlement Agreement, all subject to the following terms and conditions:

1.      This Settlement Agreement shall not be construed or be deemed to be an admission or concession by CardWorks of any liability or wrongdoing whatsoever, and CardWorks specifically denies that the conduct at issue gives rise to any such liability.

2.      The parties agree to undertake and use their commercially reasonable efforts to effectuate this Settlement Agreement and to support and conclude the settlement described herein (the "Settlement").  As soon as practicable, the parties will

2

take all necessary steps to secure the Court's preliminary approval of this Settlement Agreement and after notice to all members of the Class, the parties will take all steps necessary to secure the final approval of the Settlement Agreement and the dismissal of the lawsuit with prejudice.  For the purposes of this Settlement only, two or more members of the Class jointly obligated on the same debt shall be treated as a single Class member.

3.      For purposes of settlement only, CardWorks agrees to the certification of the Class, pursuant to Fed.R.Civ.P. 23(b)(3).

4.      For the purposes of settlement only, CardWorks agrees to the appointment of Sussi Dalton as class representative and the appointment of her attorneys, Underwood & Riemer, PC., and all attorneys who are, or have been, at any time from this date forward associated with said firm in any capacity, including but not limited to Kenneth J. Riemer and Earl P. Underwood , Jr.  as class counsel (the "Class Rep" and the "Class Counsel" respectively).

5.      Under the terms of this Settlement Agreement, class certification is appropriate because:

(a)     the Class is so numerous that joinder of all members is impracticable;

(b)     there are questions of law and fact common to the Class;

(c)     the claim of the Class Rep is typical of the claims of the Class; and,

(d)     the Class Rep will fairly and adequately protect the interest of the Class.

6.      Pursuant to section 1692k of the FDCPA, the maximum statutory damages recoverable by the Class against CardWorks would be the lesser of 1% of CardWorks' net worth or $500,000.  Here, CardWorks' counsel has represented that 1%

of CardWorks' net worth as of the relevant date is approximately $109,000.  Moreover, CardWorks has represented that there are approximately 18,500 potential members of the Class.

       7.      CardWorks represents that it is not aware of any other lawsuits pending against it concerning the collection letter/action at issue here.

<u>Settlement Payment</u>

       8.      In consideration of the full and complete settlement, release and discharge of all claims of the Class Rep and the Class against CardWorks, and subject to the provisions of this Settlement Agreement and all applicable orders of the District Court, CardWorks agrees to pay up to, and in no case more than, $100,000 as described below:

            (i) $3,000 to Class Rep Sussi Dalton;

            (ii) $35,000 to Class Counsel; and

            (iii) up to, but in no case more than, $62,000, inclusive of fees associated with notice to the Class and distribution of settlement funds to the Class (the "Class Funds"), to be divided, after the deduction of said fees and costs, pro-rata among the Class as described within Paragraph 10 herein.

<u>Timing of Settlement Payments</u>

       9.      Upon preliminary approval of this Settlement Agreement, CardWorks shall, within fourteen (14) days after the last day on which any appeal or objection to such approval may be filed, make payment to Tilghman & Co., Inc. (the "Claims Administrator"), from the Class Funds, for all costs associated with providing notice of this Settlement to the Class.

10.     Within thirty (30) days after the final approval of this Settlement Agreement, CardWorks shall (i) make payment to the Claims Administrator, from the Class Funds, of all costs associated with the administration of claims and distribution of settlement funds to the Class; (ii) make payment to the Claims Administrator, from the Class Funds, in the amount of the lesser of the remainder of the Class Funds or a sum representing $10.00 for each Class member who has submitted a Claim Form (annexed hereto as Exhibit B) to the Claims Administrator on or before fifteen (15) days prior to the hearing before the Court on the final approval of this Settlement Agreement; and (iii) make payment to Class Counsel in the amount of $38,000, representing the $3,000 payment due the Class Rep and $35,000 representing attorneys' fees and costs associated with this litigation.

11.     If an objection to the Settlement is filed by any Class member, or any other person or entity, the payment set forth within Paragraph 9 herein shall not be made until 14 days after the final denial of any such objection.

Claims Administration

12.     The Claims Administrator shall send out the class notice annexed here to as Exhibit C (the "Class Notice") to each member of the Class within 14 days of the last day on which any objection or appeal of preliminary approval of this Settlement Agreement by the Court may be filed, or, if any objection or appeal is filed, within 14 days of final denial of such objection of appeal.  In addition to advising of the proposed settlement and the opportunity to object, the Class Notice shall include language advising Class members that they have a right to object to the Settlement or opt out of the Settlement.

13.     Counsel for CardWorks shall provide to the Claims Administrator the names and addresses of each Class member reasonably available or accessible to CardWorks (the "Information").  The Information shall not be provided until the Claims Administrator acknowledges in writing that the Information is confidential and shall not be provided to any person or entity, including but not limited to the Class Rep or Class Counsel.  Upon completing its duties, the Claims Administrator shall return all copies of the Information to CardWorks.

Covenant of Non-Solicitation

14.     Class Counsel agrees that for a period of two (2) years following the date of this Settlement Agreement, it will not solicit, directly or indirectly, and shall not refer to any other person, business from any Class member who has opted-out of this Settlement Agreement which is related in any way to the facts alleged in this litigation.

15.     CardWorks, pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act, shall notify the appropriate Federal and State regulatory authorities of this proposed Settlement within 10 days of the filing of the motion to approve this Settlement Agreement and shall file with the Court notification of CardWorks' compliance with 28 U.S.C. § 1715(b).

16.     The Settlement set forth herein shall not become effective unless the Court finally approves the Settlement Agreement, without material alteration, as fair, reasonable, and adequate.  In the event that the Court does not approve this Settlement Agreement, this entire Settlement Agreement shall become null and void. In the event that this Settlement Agreement shall become null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply.  No admission of

law, fact, or combination of law and fact will be found to exist as a result of this
Settlement Agreement, and no part of this Settlement Agreement will be admissible in
any litigation.

17.     Promptly after execution hereof, the parties shall jointly submit this
Settlement Agreement to the Court and move for an order:  (a) preliminarily finding this
Settlement Agreement fair to all members of the Class; and, (b) approving the Class
Notice.

Release

18.     Class Rep and each member of the Class, and each of them, hereby
release and forever discharge CardWorks, its past or present parents, affiliates,
subsidiaries, successors, predecessors and assigns, and its present or former directors,
officers, employees, partners, members, principals, employees, agents, insurers and
attorneys, (collectively the "Released Parties" and individually a "Released Party") of
and from all causes of action, suits, claims and demands, whatsoever, in law or in
equity, known or unknown at this time, which Class Rep and any member of the Class
now have, ever had, or hereafter may have against any Released Party arising out of or
relating to the claims that were asserted or alleged or which could have been asserted
or alleged in the Complaint or arising out of CardWorks' alleged violations of the
FDCPA.  CardWorks hereby agrees that it shall be barred from pursuing any claims for
relief under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against
Class Rep, Class Counsel or against any member of the Class arising out of
CardWorks' alleged violations of the FDCPA asserted or alleged or which could have
been asserted or alleged in the Complaint.  The underlying debts which CardWorks was

attempting to collect via the collection letter at issue are in no way affected by this Settlement Agreement and nothing herein shall prevent CardWorks from continuing to attempt to collect the debts owed by the Class Rep or any member of the Class.  Except as provided in section 8(ii), supra, of this Settlement Agreement, Class Rep, the Class and Class Counsel hereby waive, discharge and release the Released Parties from any and all claims for attorney's fees by lien or otherwise for legal services rendered by Class Counsel in connection with this litigation.

19.     The Court shall retain jurisdiction over the Settlement and this Settlement Agreement.

20.     The parties agree that this Settlement Agreement is the product of negotiation between the parties through their respective counsel and that no party shall be deemed to have drafted this Settlement Agreement.

21.     This Settlement Agreement shall be interpreted in accordance with the laws of the State of Alabama for all state law issues, and in accordance with Federal law for all other issues.

22.     This Settlement Agreement shall become effective upon execution, which may be done in counterparts, and final approval of the Court.  Photocopies or facsimiles of executed copies of this Settlement Agreement may be treated as originals.

| UNDERWOOD & RIEMER, PC | HELMSING, LEACH, HERLONG, NEMAN & ROUSE |
|---|---|
| By:_____ | By:_____ |
|     Earl P. Underwood, Jr. |     James B. Newman |
| 21 South Section Street | Post Office Box 2767 |
| Fairhope, Alabama 36533 | Mobile, Alabama 36652 |
| (251) 990-5558 | (251) 432-5521 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**EXHIBIT**

A

DATE

CARDWORKS SERVICING
P.O. BOX 9201
OLD BETHPAGE, NY 11804

NAME
ADDRESS 1
CITY, STATE ZIP

| | |
|---|---|
| Account number: | XXXXXXXXXXXXXXXX |
| Re: | NAME |
| Balance Due: | $XXX.XX |
| Creditor: | CREDITOR NAME |

Dear CUSTOMER:

Please be advised that your above referenced account, is being handled by this office and is in default.

By contacting us within five (5) days of the date of this letter, payment arrangements on your account can be made. Please contact our office today, toll free, at 1-877-487-5583 to avoid additional collection efforts. The hours of operation are Monday-Wednesday and Friday 8:00 am to 9:00 pm EST, Thursday 12:30pm to 9:00 pm EST, and Saturday 8:00 am to 4:30 pm EST.

If you have any questions, please contact us at 1-877-487-5583.

Sincerely,
CardWorks Servicing

### IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: (i) Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. (ii) Provide you with the name and address of the original creditor, if different from the current creditor.

### IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW

**FEDERAL VALIDATION NOTICE:**
PURSUANT TO U.S.C/1692G/(a). TAKE NOTICE THAT:
1. THE AMOUNT OF THE CLAIMED DEBT IS THE AMOUNT STATED IN THE LETTER ON THE REVERSE SIDE OF THIS NOTICE.
2. THE NAME OF THE CREDITOR TO WHOM IS OWED IS IN THE LETTER ON THE REVERSE SIDE OF THIS NOTICE.
3 .UNLESS YOU DISPUTE THE VALIDITY OF THE ABOVE DEBT, OR ANY PORTION THEREOF, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF THIS NOTICE, THE DEBT WILL BE ASSUMED TO BE VALID BY US.
4. IF YOU NOTIFY OUR OFFICE BELOW IN WRITING WITHIN THIRTY (30) DAYS OF YOUR RECEIPT OF THIS NOTICE THAT THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF ANY JUDGEMENT TO YOU.
5.UPON YOUR WRITTEN REQUEST TO THE OFFICE BELOW WITHIN THIRTY (30) DAYS OF YOUR RECEIPT OF THIS NOTICE, WE WILL PROVIDE YOU WITH THE NAME AND THE ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR LISTED IN THE LETTER ON THE REVERSE SIDE OF THIS NOTICE.

**TENNESSEE RESIDENTS:**
THIS COLLECTION AGENCY IS LICENSED BY THE COLLECTION SERVICE BOARD OF THE DEPARTMENT OF COMMERCE AND INSURANCE.

810914_1

**COLORADO RESIDENTS:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE
WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM.   A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING
THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE
CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR
OR COLLECTION AGENCY FROM TAKING ANY
OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

**NEW YORK STATE RESIDENTS:**
NEW YORK CITY DEPARTMENT OF CONSUMERS AFFAIRS LICENSE NUMBER: 1184611

**WISCONSIN RESIDENTS:**
THIS COLLECTION AGENCY IS LICENSED BY THE OFFICE OF  THE ADMINISTRATOR OF THE DIVISION OF
BANKING, P.O. BOX 7876, MADISON, WISCONSIN 53707.

**NORTH CAROLINA RESIDENTS:**
NORTH CAROLINA DEPARTMENT OF INSURANCE PERMIT NUMBER: 4390

**MINNESOTA RESIDENTS:**
THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**CALIFORNIA RESIDENTS:**
1. THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT
COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS
MAY NOT CONTACT YOU BEFORE 8 AM OR AFTER 9 PM.  THEY MAY NOT HARASS YOU BY USING THREATS OF
VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE.  COLLECTORS MAY NOT USE FALSE OR
MISLEADING STATEMENTS OR CALL AT WORK IF THEY KNOW OR HAVE REASON TO KNOW  THAT YOU MAY
NOT RECEIVE PERSONAL CALLS AT WORK.  FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER
PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGEMENT.  FOR MORE INFORMATION ABOUT DEBT
COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR
WWW.FTC.GOV.
2.AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON
YOUR CREDIT RECORD MAY BE SUBMITED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE
TERMS OF YOUR CURRENT OBLIGATIONS.

**UTAH RESIDENTS:**
AS REQUIRED BY UTAH LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING
ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL
THE TERMS OF YOUR CREDIT OBLIGATIONS.

**MASSACHUSETTS RESIDENTS:**
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGAURDING
YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE
VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN COMMUNICATION OF  THE REQUEST
POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST.  YOU MAY TERMINATE THIS
REQUEST BY WRITING TO THE DEBT COLLECTOR AT P.O. BOX 9201, OLD BETHPAGE, NY 11804-9001.  IF YOU
WISH TO DISCUSS THIS MATTER, PLEASE CALL US DIRECT AT 1-877-487-5583 DURING THE HOURS
REFERENCED BELOW.

**HOURS OF OPERATION:**
MONDAY-WEDNESDAY AND FRIDAY 8:00AM TO 9:00PM EST
THURSDAY 12:30PM TO 9:00PM EST
SATURDAY 8:00AM TO 4:30PM EST
PHONE NUMBER 1-877-487-5583



## CLAIM FORM

**YOU SHOULD SUBMIT THIS FORM BECAUSE YOU ARE ENTITLED TO MONETARY RELIEF UNDER THE SETTLEMENT AGREEMENT.**

Your Claim Form must be received by the Settlement Administrator by _____ in order for you to be eligible for a payment.  The Settlement Administrator shall be the sole arbiter of whether your claim was timely received.

NAME OF CLAIMANT: _____

ADDRESS: _____

_____
(this is the address to which any check will be sent)

SOCIAL SEC. # OF CLAIMANT: _____

TELEPHONE NO.: _____

Mail this form, plus any attachments, to:   CardWorks Settlement Administrator, P.O. Box _____, Birmingham, Alabama _____.  [post office box to be provided by Settlement Administrator.]

**BY SIGNING AND SUBMITTING THIS FORM, YOU (1) CERTIFY SUBJECT TO CRIMINAL PENALTIES PROVIDED BY STATE AND FEDERAL LAW THAT YOU HAVE REVIEWED AND UNDERSTAND THE CLASS NOTICE AND THIS CLAIM FORM AND THAT YOU, OR THE PERSON ON WHOSE BEHALF YOU SUBMIT A CLAIM, SATISFY ALL REQUIREMENTS TO RECEIVE MONETARY RELIEF, (2) ARE AUTHORIZING CARDWORKS, THE SETTLEMENT ADMINISTRATOR, AND/OR THE ATTORNEYS FOR THE PARTIES TO THIS CASE TO SEEK AND RECEIVE INFORMATION ABOUT YOU FROM ANY SOURCE FOR THE PURPOSES OF DETERMINING WHO IS OR MAY BE ELIGIBLE TO RECEIVE MONETARY RELIEF UNDER THE SETTLEMENT AGREEMENT.**

I, _____, verify under penalty of perjury under the laws of the State of Alabama and the United States of America that the documentation and/or information I am providing herewith is true and correct to the best of my knowledge.

_____
(Signature)



EXHIBIT
C

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### Definition of the Class

All persons in the United States who, from August 28th 2008 through August 28[st] 2009, were sent a form collection letter that contained the following statement, "*Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.*" by, or on behalf of CardWorks Servicing, LLC ("CardWorks"). Excluded from the Class are those persons who: (1) currently are in bankruptcy; (3) individuals who already have settled a lawsuit, claim, or obtained a judgment against CardWorks arising from any collection activity engaged in by CardWorks; (3) CardWorks, the officers, directors, and shareholders of CardWorks, or any affiliate of CardWorks, members of each of their immediate families and each of their legal representatives, heirs, successors or assigns; (4) any government entity; (5) all judicial officers in the United States and their relatives within the third degree of kinship; and (6) any entity in which CardWorks has or had a controlling interest.

**IF YOU FALL WITHIN THE CLASS OF PERSONS TO WHOM THIS NOTICE IS DIRECTED ("CLASS MEMBERS"), READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT.** A proposed settlement has been reached regarding claims against CardWorks. This Lawsuit involves allegations that CardWorks sent a form collection letter that violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* If the proposed settlement is approved by the Court, persons within the class of persons to whom this notice is directed will be barred from filing any lawsuit related to the letters at issue. This notice briefly summarizes the claims and status of the suit and the terms of the proposed settlement. This notice also describes what you can do to object to the proposed settlement if you choose to object.

### Nature of the Action

A lawsuit entitled *Sussi Dalton v.* CardWorks Servicing, LLC, CASE No. 09-CV-563 has been filed and is now pending in the United States District Court for the Southern District of Alabama, (the "Court"). The suit alleges that CardWorks' form letter to the Class did not properly advise Class members of their right to dispute a debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

### Class Claims and Issues

The Court has ruled that the Lawsuit shall be maintained as a class action brought by the named Plaintiff, for herself and on behalf of the Class Members, seeking monetary relief, attorney's fees, and costs. The Court further has ruled that Earl P. Underwood, Jr., Kenneth J. Riemer and James D. Patterson, all of the firm Underwood & Riemer, PC. (hereinafter referred to as "Class Counsel") are competent and capable of representing the interests of the class and are designated as counsel for the Class.

The approval by the Court of the Lawsuit as a class action does not mean that the named Plaintiff, or any of the Class Members, are entitled to recover the requested relief, nor does it mean that the named Plaintiff would be successful in this litigation. The ruling simply means that the ultimate outcome of this lawsuit will apply not only to the named Plaintiff but also to all Class Members and each will be bound by the outcome of this class action, unless the proposed settlement, for whatever reason, does not become final.

## Proposed Settlement

The named Plaintiff, individually and on behalf of the Class members, and CardWorks have entered into and filed with the Court a proposed Stipulation of Settlement ("Settlement Agreement").  Under the terms of the Settlement Agreement, CardWorks denies any liability or any wrongdoing of any kind whatsoever and specifically denies each substantive allegation in the Lawsuit and asserts that its actions have been consistent with, and in compliance with, all applicable state and federal laws at all times relevant to this lawsuit. Nevertheless, to avoid further expense, burdensome and protracted litigation, and to forever put to rest all claims of the named Plaintiff or any Class member for all claims arising out of the use of the relevant form collection letter, CardWorks agrees to the following settlement terms:

(a)     CardWorks will discontinue the use of the collection letter made the basis of this action; and

(b)     CardWorks has agreed to pay a total settlement of up to $100,000.  Class members who timely file claims will be entitled to a payment, in an amount not to exceed $10.00 per individual, from the settlement fund. The amount that you receive, if you send in timely a claim form, will be determined by the number of people who submit valid claims, but will not be more than $10.00. The Parties have estimated that there are 18,500 class members. The amount you receive may be reduced if the cost of paying $10.00 to everyone who submits a timely claim form is greater than the remainder of the settlement funds, after the payment of fees and the costs of administration of this settlement.

## Attorney Fees and Class Representative Payment

CardWorks will pay Class Counsel $35,000 in attorneys' fees, costs and expenses and will pay $3,000 to the named class representative, Sussi Dalton. Such payments are expressly conditioned upon approval by the Court.

## Administration of Settlement

The settlement will be administered by a third-party administrator ("Settlement Administrator"). All calculations of this amount due to any individual Class member will be performed by the Settlement Administrator. This amount will then be distributed by checks made payable to individual Class members, and sent to the address listed on the returned Claim Form. The Settlement Administrator will have complete discretion to determine whether a particular Claim Form meets the requirements listed in the Stipulation of Settlement, including but not limited to whether such Claim Forms are signed, whether the claim form was timely received and, if the

settlement fund is prorated, the amount due. The Settlement Administrator's decision on such matters shall be final.

## Claim Form

**UNDER THE SETTLEMENT AGREEMENT YOU WILL NOT RECEIVE ANY PAYMENT UNLESS THE CLAIM FORM IS COMPLETED AND RECEIVED BY THE SETTLEMENT ADMINISTRATOR NO LATER THAN _____.**

The Settlement Administrator shall be the sole judge of whether your claim was timely received. If you are a Class member, but you fail to follow these requirements, then you will not be entitled to recover any monetary relief although you will remain a member of the Class and be bound by the settlement.

Any checks received as a result of your filing a claim in this case not cashed within 180 days from the distribution date will be void.

**PLEASE BE WARNED:**

- **By submitting the enclosed Claim Form, and claiming that you (or the person on whose behalf you submit the Claim Form) is eligible to receive monetary relief under the Settlement Agreement, you are representing that you or the person you represent meet all requirements necessary to receive such monetary relief.**

If you are submitting a Claim Form on behalf of another person in a representative capacity, the Claim Form must be accompanied by a certified copy of your power of attorney, letters of administration, conservatorship, or other legal authorization to act as the representative of such other person.

## Release of Claims and Binding Effect of Class Judgment

**Under the proposed settlement, all Class members who do not opt out of the settlement will be bound by any judgment entered by the Court. CardWorks, its past or present parents, affiliates, subsidiaries, successors, predecessors and assigns, and its present or former directors, officers, employees, partners, members, principals, employees, agents, insurers and attorneys will be forever released from any and all claims, actions, liens, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, known or unknown, of any kind or nature whatsoever, direct or consequential, foreseen or unforeseen, developed or undeveloped arising under, or related to the form collection letter or authorized by federal or state statutory, regularly, or common law including, but not limited to, those arising under the Fair Debt Collection Practices Act, and/or common law theories of fraud, suppression, misrepresentation, deceit, and/or deceptive practices, which have been asserted, or could have been asserted in this Action, all as provided for in the Settlement Agreement, and Class members will be forever barred from seeking further relief on any of these claims. Upon Court approval of the settlement, a judgment shall be**

**entered dismissing with prejudice and fully and finally settling this suit as to all Class members.**

If you fail to return the Claim Form or to otherwise claim any settlement benefit provided for in the Settlement Agreement, you will still be bound by the releases under the Settlement Agreement.

## How to Exclude Yourself From the Class

If you wish to exclude yourself from this Class (and receive no benefits and not be bound by the release and judgment), send a notice to the Settlement Administrator at _____ **[post office box to be provided by the Settlement Administrator]** no later than _____. No special form is required. However, the form must identify that you are a member of the class in *Sussi Dalton v. CardWorks Servicing, LLC* CASE No. 09-CV-563 that you wish to exclude yourself from the settlement (opt-out), and be signed by you.

## How to Object To The Settlement

On _____ at _____a.m., the Honorable William E. Cassady, Judge for the United States District Court for the Southern District of Alabama, will conduct a hearing on whether the proposed settlement should be approved as fair, reasonable and adequate and on the determination of the amount of attorneys' fees to be awarded. The hearing will be conducted at the courthouse of the United States District Court for the Southern District of Alabama, 113 St. Joseph Street, Mobile, Alabama 36602. The hearing may be adjourned from time to time by the Court without further notice to you, other than the official record in this action. If you are a member of the Class you have the right to ask the Court that the proposed class not be certified or that the proposed settlement not be approved if you think it is unfair, inadequate, unreasonable or improper in any way. You have the right to file any objections you might have to any aspect of the proposed settlement. If you wish to exercise your right to object, you must mail a written statement of your objections, along with a statement as to whether you wish to appear at the Settlement Hearing, either in person or through your counsel to:

> Honorable Charles R. Diard, Jr.
> United States District Court for the Southern District of Alabama
> 113 St. Joseph Street
> Mobile, Alabama 36602

**Your written objections to the settlement and/or notice of your intent to appear at the hearing must be filed with the Clerk of the Court no later than Friday_____.** You must also mail a copy of your written statement of objections and intention to appear to:

CLASS COUNSEL:

Earl P. Underwood, Jr.
UNDERWOOD & RIEMER, PC
21 South Section Street
Fairhope, Alabama 36533
(251) 990-5558

COUNSEL FOR DEFENDANT:

James B. Newman
HELMSING, LEACH, HERLONG, NEWMAN & ROUSE
Post Office Box 2767
Mobile, Alabama 36652
(251) 432-5521

You may (but are not required to) appear at the hearing, in person or through an attorney retained at your own expense, to support the proposed settlement, object to it, or ask questions about it. DO NOT CALL THE COURT. Any written objections to the settlement will be considered by the Court and there is no requirement that any objector appear personally at the hearing.

You do not have to come to the hearing to receive the benefits of settlement, but you must return the Claim Form if you are entitled to restitution under the Settlement Agreement (and you wish to receive such restitution). If the Court approves this settlement, the date of mailing of checks will be the fifth business day after the occurrence of all of the following: The entry of final judgment in this suit and dismissal of all claims with prejudice; the final award of attorneys fees, costs, and payment to the class representative; the expiration of any possibility of appeal of the Court's Judgment approving this settlement and awarding attorneys fees, and costs; and the Settlement Administrator's certification to Defendant of any Class members' eligibility for monetary relief. If the settlement is not approved, this suit will proceed and the settlement will be null and void.

## Examination Of Papers

This notice is a summary of the settlement and therefore does not include every detail of the settlement. You may inspect the complete Settlement Agreement, the complaint and all other pleadings filed in this suit during the hours of 8:30 a.m. to 4:30 p.m., Monday through Friday, at the office of the Clerk of the United States District Court for the Southern District of Alabama.

DATED this ___ day of _____, 2010.


_____
WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSSI DALTON, individually and<br>on behalf of all similarly situated<br>individuals | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION 09-00563-CB-C |
| | ) | |
| v. | ) | |
| | ) | |
| CARDWORKS SERVICING, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY APPROVAL ORDER

WHEREAS, the Court has been advised that the parties to this actions, through their counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle this action upon the terms and conditions set forth in the Stipulation of Settlement ("Settlement Agreement"), dated as of _____, 2010, which has been submitted to the Court;

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Settlement Agreement appears fair, reasonable, and adequate, and that a hearing should be held after notice to the Class of the proposed settlement to determine if the Settlement Agreement and settlement are fair, reasonable, and adequate and if a Settlement Approval Order and Final Judgment should be entered in this action based upon the Settlement Agreement.

IT IS HEREBY ORDERED THAT:

1.      This Settlement Agreement and the settlement contained therein are preliminary approved as fair, reasonable, and adequate.

2.      The Court approves Steve Tilghman as the Administrator of the Settlement.  As soon as practicable, but not later than _____, CardWorks Servicing, LLC ("CardWorks") shall provide the Notice of the Proposed Settlement ("Class Notice") to the Class as set forth in the Settlement Agreement.

3.      The costs and expenses of preparing and sending the Class Notice shall be initially paid pursuant to the terms of the Settlement Agreement.

4.      A hearing (the "Final Hearing") shall be held on _____at _____ a.m., as set forth in the Class Notice, to determine whether the proposed settlement of this action is fair, reasonable, and adequate and should be approved.  Class Counsel's briefs and supporting papers in support of the proposed settlement shall be filed with the Court no later than _____.  Any materials the parties wish to submit relating to the proposed settlement likewise should be submitted by _____.  The Final Hearing described in this paragraph may be postponed, adjourned, or continued by order of the Court without further notice to the Class, other than the official record in this case.  After the Final Hearing, the Court may enter a Settlement Approval Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the right of all Class members.

5.      Any member of the Class who objects to approval of the proposed settlement may appear at the Final Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate.  Attendance is not required and all timely objections will be fully considered.

6.      Objections to the settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court only if filed no later than _____ said objection(s) shall file with the Clerk of the United States District

2

Court for the Southern District of Alabama, written notice of their intention to object, together with supporting papers stating specifically the factual basis and legal grounds of the objection, and shall serve copies thereof together with proof of service on or before said date upon each of the following counsel:

CLASS COUNSEL:

Earl P. Underwood, Jr.
UNDERWOOD & RIEMER, PC
21 South Section Street
Fairhope, Alabama 36533
(251) 990-5558

COUNSEL FOR DEFENDANT:

James B. Newman
HELMSING, LEACH, HERLONG, NEWMAN & ROUSE
Post Office Box 2767
Mobile, Alabama 36652
(251) 432-5521

The objection must state the name and number of this action. No Class member shall be entitled to be heard and no objection shall be considered unless these requirements are satisfied.

7.      Any Class member who does not make his objection to the settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

8.      The automated Class Notice as directed in this Order and/or in the Settlement Agreement constitutes the best and most efficient notice practicable under the circumstances and sufficient notice to all potential members of the Class. All Class members, whether they receive the Class Notice or not, shall be bound by the judgment.

9.      All discovery and other pretrial proceedings in this action are stayed and suspended until further order of this Court, except such action as may be necessary to implement the Settlement Agreement and this Order.

10.     In the event that the proposed settlement as provided in the Settlement Agreement (in its present form) is not approved by the Court (or such settlement is reversed by any Court or appeal), or for any reason the parties fail to obtain a Settlement Approval Order and Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms, then the Settlement Agreement and all orders entered in connection therewith (including but not limited to the order certifying a class) shall become null and void and of no further force and effect, and shall not be used or referred to for any purposes whatsoever.  In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice as to the rights of any and all parties thereto, who shall be restored to their respective position as of the date of the execution of the Settlement Agreement.  Further, all such orders, negotiations, discussions, drafts and any reference to the Settlement Agreement shall not be admissible into evidence in this or any other action.

11.     Dates for performance:

(a)     All Class members to be provided notice of the proposed settlement, as provided in the Settlement Agreement, no later than _____.

(b)     Objection to settlement to be filed no later than _____.

(c)     Final Approval Hearing to be held on _____ at _____ a.m.

(d)     Claim Forms from Class members to be received by the Claims     Administrator no later than _____

DATED this _____ day of _____, 2010


_____
WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE