IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED IN OPEN COURT

MAY 18 2011

CHARLES R. DIARD, JR.
CLERK

SUSSI DALTON, Individually and )
on behalf of all similarly situated )
individuals, )
)
)
Plaintiff, )
)
vs. ) CASE NO. 09-00563-CB-C
)
CARDWORKS SERVICING, LLC. )
)
Defendant. )

### AFFIDAVIT OF L. STEPHENS TILGHMAN

I, L. Stephens Tilghman, hereby declare:

1. Since January 2, 1991, I have owned and managed Tilghman & Co., P.C., ("Tilghman") which specializes in the administration of class action lawsuit settlements.

2. I have personal knowledge of the matters set forth herein, and if called as a witness could and would testify competently thereto.

3. Over the past 15 years, Tilghman has acted as Court-approved class action settlement administrator in over 275 class action settlements.

4. Tilghman was engaged to be the class action settlement administrator in this case.

5. On January 28, 2011, Defendant's counsel provided me with the mailing addresses corresponding to 18,502 class members. I was informed that this list contained the last known mailing addresses of all of the class members eligible to receive mailed notice of the settlement

6. After receiving the Settlement Class List, I updated and verified the addresses through a National Change of Address service ("NCOA"). NCOA is the industry standard service used to update and verify addresses for large-scale mailing lists.

7. On March 15, 2011 Tilghman caused the class notice and claim form, a true and correct copy is attached hereto as Exhibits A, to be mailed by first class mail to the settlement class members in this case.

8. Tilghman received 915 signed claim forms postmarked by April 18, 2011.

9. Tilghman received 14 timely (postmarked by April 18, 2011) opt-out requests and no objections to the settlement.

10. As of the date of this affidavit 30 untimely claims have been received.

I declare under penalty of perjury under the that the foregoing is true and correct. Executed this 11th day of May, 2011, at Birmingham, Alabama.

_____
L. Stephens Tilghman

I, _Louise M. Harris_, a Notary Public for the State of Alabama at Large, hereby certify that **L. STEPHENS TILGHMAN** whose name is signed to the foregoing instrument, and who is known to me personally and/or who identified himself or herself by driver's license, acknowledged before me on this date that, being informed of the contents of the foregoing affidavit, he or she voluntarily executed the same as true and correct sworn testimony based upon his or her personal knowledge, before me, on this the 11th day of May, the year 2011:

**AFFIXED SEAL OF NOTARY PUBLIC:**

_____
**Signature of Notary Public**

**STATE AT LARGE**
My Commission expires _10-27-13_

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### Definition of the Class

All persons in the United States who, from August 28th 2008 through August 28th 2009, were sent a form collection letter that contained the following statement, *"Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."* by, or on behalf of CardWorks Servicing, LLC ("CardWorks"). Excluded from the Class are those persons who: (1) currently are in bankruptcy; (2) individuals who already have settled a lawsuit, claim, or obtained a judgment against CardWorks arising from any collection activity engaged in by CardWorks; (3) CardWorks, the officers, directors, and shareholders of CardWorks, or any affiliate of CardWorks, members of each of their immediate families and each of their legal representatives, heirs, successors or assigns; (4) any government entity; (5) all judicial officers in the United States and their relatives within the third degree of kinship; and (6) any entity in which CardWorks has or had a controlling interest.

**IF YOU FALL WITHIN THE CLASS OF PERSONS TO WHOM THIS NOTICE IS DIRECTED ("CLASS MEMBERS"), READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT.** A proposed settlement has been reached regarding claims against CardWorks. This lawsuit involves allegations that CardWorks sent a form collection letter that violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. If the proposed settlement is approved by the Court, persons within the class of persons to whom this notice is directed will be barred from filing any lawsuit related to the letters at issue. This notice briefly summarizes the claims and status of the suit and the terms of the proposed settlement. This notice also describes what you can do to object to the proposed settlement if you choose to object.

### Nature of the Action
A lawsuit entitled *Sussi Dalton v. CardWorks Servicing, LLC*, CASE No. 09-CV-563 (the "Lawsuit") has been filed and is now pending in the United States District Court for the Southern District of Alabama, (the "Court"). The suit alleges that CardWorks' form letter to the Class did not properly advise Class members of their right to dispute a debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

### Class Claims and Issues
The Court has ruled that the Lawsuit shall be maintained as a class action brought by the named Plaintiff, for herself and on behalf of the Class members, seeking monetary relief, attorney's fees, and costs. The Court further has ruled that Earl P. Underwood, Jr., Kenneth J. Riemer and James D. Patterson, all of the firm Underwood & Riemer, PC. (hereinafter referred to as "Class Counsel") are competent and capable of representing the interests of the class and are designated as counsel for the Class.

The approval by the Court of the Lawsuit as a class action does not mean that the named Plaintiff, or any of the Class Members, are entitled to recover the requested relief, nor does it mean that the named Plaintiff would be successful in this litigation. The ruling simply means that the ultimate outcome of this lawsuit will apply not only to the named Plaintiff but also to all Class Members and each will be bound by the outcome of this class action, unless the proposed settlement, for whatever reason, does not become final.

### Proposed Settlement
The named Plaintiff, individually and on behalf of the Class members, and CardWorks have entered into and filed with the Court a proposed Stipulation of Settlement ("Settlement Agreement"). Under the terms

of the Settlement Agreement, CardWorks denies any liability or any wrongdoing of any kind whatsoever and specifically denies each substantive allegation in the Lawsuit and asserts that its actions have been consistent with, and in compliance with, all applicable state and federal laws at all times relevant to this lawsuit. Nevertheless, to avoid further expense, burdensome and protracted litigation, and to forever put to rest all claims of the named Plaintiff or any Class member for all claims arising out of the use of the relevant form collection letter, CardWorks agrees to the following settlement terms:

(a) CardWorks will discontinue the use of the collection letter made the basis of this action; and

(b) CardWorks has agreed to pay a total settlement of up to $100,000. Class members who timely file claims will be entitled to a payment, in an amount not to exceed $10.00 per individual, from the settlement fund. The amount that you receive, if you submit a timely Claim Form, will be determined by the number of people who submit valid claims, but will not be more than $10.00. The Parties have estimated that there are 18,500 class members. The amount you receive may be reduced if the cost of paying $10.00 to everyone who submits a timely claim form is greater than the remainder of the settlement funds, after the payment of fees and the costs of administration of this settlement.

### Attorney Fees and Class Representative Payment

CardWorks will pay Class Counsel $35,000 in attorneys' fees, costs and expenses and will pay $3,000 to the named class representative, Sussi Dalton, from the Settlement Fund. Such payments are expressly conditioned upon approval by the Court.

### Administration of Settlement

The settlement will be administered by a third-party administrator ("Settlement Administrator"). All calculations of the amount due to any individual Class member will be performed by the Settlement Administrator. This amount will then be distributed by checks made payable to individual Class members, and sent to the address listed on the returned Claim Form. The Settlement Administrator will have complete discretion to determine whether a particular Claim Form meets the requirements listed in the Stipulation of Settlement, including but not limited to (i) whether such Claim Forms are signed, (ii) whether the Claim Form was timely received and, (iii) if the settlement fund is prorated, the amount due. The Settlement Administrator's decision on such matters shall be final.

### Claim Form

UNDER THE SETTLEMENT AGREEMENT YOU WILL NOT RECEIVE ANY PAYMENT UNLESS THE CLAIM FORM IS COMPLETED AND <u>RECEIVED</u> BY THE SETTLEMENT ADMINISTRATOR NO LATER THAN 30 DAYS BEFORE THE FAIRNESS HEARING.

The Settlement Administrator shall be the sole judge of whether your claim was timely received. If you are a Class member, but you fail to follow these requirements, then you will not be entitled to recover any monetary relief although you will remain a member of the Class and be bound by the settlement.

Any checks received as a result of your filing a claim in this case not cashed within 180 days from the distribution date will be void.

**PLEASE BE WARNED:**
- **By submitting the enclosed Claim Form, and claiming that you (or the person on whose behalf you submit the Claim Form) is eligible to receive monetary relief under the Settlement Agreement, you are representing that you or the person you represent meet all requirements necessary to receive such monetary relief.**

If you are submitting a Claim Form on behalf of another person in a representative capacity, the Claim Form must be accompanied by a certified copy of your power of attorney, letters of administration, conservatorship, or other legal authorization to act as the representative of such other person.

### Release of Claims and Binding Effect of Class Judgment

**Under the proposed settlement, all Class members who do not opt out of the settlement will be bound by any judgment entered by the Court. CardWorks, its past or present parents, affiliates, subsidiaries, successors, predecessors and assigns, and its present or former directors, officers, employees, partners, members, principals, employees, agents, insurers and attorneys will be forever released from any and all claims, actions, liens, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, known or unknown, of any kind or nature whatsoever, direct or consequential, foreseen or unforeseen, developed or undeveloped arising under, or related to the form collection letter or authorized by federal or state statutory, regularly, or common law including, but not limited to, those arising under the Fair Debt Collection Practices Act, and/or common law theories of fraud, suppression, misrepresentation, deceit, and/or deceptive practices, which have been asserted, or could have been asserted in this Lawsuit, all as provided for in the Settlement Agreement, and Class members will be forever barred from seeking further relief on any of these claims. Upon Court approval of the settlement, a judgment shall be entered dismissing with prejudice and fully and finally settling this suit as to all Class members.**

If you fail to return the Claim Form or to otherwise claim any settlement benefit provided for in the Settlement Agreement, you will still be bound by the releases under the Settlement Agreement.

### How to Exclude Yourself From the Class

If you wish to exclude yourself from this Class (and receive no benefits and not be bound by the release and judgment), you must send a notice to the Settlement Administrator at P.O. Box 11487, Birmingham, Alabama 35202-1487 no later than 30 days before the Fairness Hearing. No special form is required. However, the form must identify that you are a member of the Class in the matter of *Sussi Dalton v. CardWorks Servicing, LLC* CASE No. 09-CV-563that you wish to exclude yourself from the settlement (opt-out), and be signed by you.

### How to Object To the Settlement

On May 18, 2011 at 2:00 p.m., the Honorable Judge William E. Cassady, Magistrate Judge for the United States District Court for the Southern District of Alabama, will conduct a hearing on whether the proposed settlement should be approved as fair, reasonable and adequate and on the determination of the amount of attorneys' fees to be awarded. The hearing will be conducted at the United States District Court for the Southern District of Alabama, 113 St. Joseph Street, Mobile, Alabama 36602. The hearing may be adjourned from time to time by the Court without further notice to you, other than the official record in this action. If you are a member of the Class you have the right to ask the Court that the proposed class not be certified or that the proposed settlement not be approved if you think it is unfair, inadequate, unreasonable or improper in any way. You have the right to file any objections you might have to any aspect of the proposed settlement. If you wish to exercise your right to object, you must mail a written statement of your objections, along with a statement as to whether you wish to appear at the Settlement Hearing, either in person or through your counsel to:

>  Charles R. Diard, Jr.
>  Clerk of the Court
>  113 St. Joseph Street
>  Mobile, Alabama 36602

**Your written objections to the settlement and/or notice of your intent to appear at the hearing must be filed with the Clerk of the Court no later than 30 days before the Fairness Hearing.** You must also mail a copy of your written statement of objections and intention to appear to:

> CLASS COUNSEL:
>> Earl P. Underwood, Jr.
>> UNDERWOOD & RIEMER, PC
>> 21 South Section Street
>> Fairhope, Alabama 36533
>> (251) 990-5558

> COUNSEL FOR DEFENDANT:
>> James B. Newman
>> HELMSING, LEACH, HERLONG, NEWMAN & ROUSE
>> Post Office Box 2767
>> Mobile, Alabama 36652
>> (251) 432-5521

You may (but are not required to) appear at the hearing, in person or through an attorney retained at your own expense, to support the proposed settlement, object to it, or ask questions about it. DO NOT CALL THE COURT. Any written objections to the settlement will be considered by the Court and there is no requirement that any objector appear personally at the hearing.

You do not have to come to the hearing to receive the benefits of settlement, but you must return the Claim Form if you are entitled to restitution under the Settlement Agreement (and you wish to receive such restitution). If the Court approves this settlement, the date of mailing of checks will be the fifth business day after the occurrence of all of the following: The entry of final judgment in this suit and dismissal of all claims with prejudice; the final award of attorney's fees, costs, and payment to the class representative; the expiration of any possibility of appeal of the Court's Judgment approving this settlement and awarding attorney's fees, and costs; and the Settlement Administrator's certification to Defendant of any Class members' eligibility for monetary relief. If the settlement is not approved, this suit will proceed and the settlement will be null and void.

### Examination of Papers

This notice is a summary of the settlement and therefore does not include every detail of the settlement. You may inspect the complete Settlement Agreement, the complaint and all other pleadings filed in this suit during the hours of 8:30 a.m. to 4:30 p.m., Monday through Friday, at the office of the Clerk of the United States District Court for the Southern District of Alabama.

These materials are also available on the Court's website, at http://www.alsd.uscourts.gov.

DATED this 21st day of January, 2011

>> WLLIAM E. CASSADY
>> UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SUSSI DALTON, individually and
on behalf of all similarly situated
individuals

  Plaintiff,

vs.             :  CA 09-0563-C

CARDWORKS SERVICING, LLC,

  Defendant.

## ORDER

On January 21, 2010, the Court issued its order preliminarily approving the parties' proposed settlement and certifying a class for settlement purposes. (Doc. 34.) Pursuant to that order, Defendant is to arrange to have the approved Class Notice sent to all Class members by first class mail, postage prepaid no later than March 18, 2011. (*See id.*, ¶ 5.) In order for Class members to receive a share of the settlement funds, they must submit a completed Claim Form (included in the Class Notice) postmarked by April 18, 2011. (*See id.*, ¶ 6.) The Claim Form requires Class members provide their social security number, address, and telephone number. This information is requested solely for the purpose of verifying identities of Class members, processing claims, and/or complying with tax or other applicable laws and regulations and, if applicable, court orders, and for no other purpose.

As such, the Court **ORDERS** Class Counsel, counsel for Defendant, the Claims Administrator, and any party working with or assisting them with regard to the above

mentioned information, to treat this information as highly confidential and use it solely for its intended purposes. *See, e.g., Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467, 478-79 (E.D. Pa. 2007); *cf. Harper v. Trans Union, LLC*, No. Civ.A. 04-3510, 2005 WL 697490, at *1 (E.D. Pa. Mar. 24, 2005) (discussing confidentiality order protecting "names, addresses and Social Security numbers of the individuals who opted out of [class action] litigation"). The Court further **ORDERS** that a copy of this order be provided with the Claim Form to be distributed with the Class Notice.

The Court will make itself available to address any alleged violation of this order on an expedited basis, and is prepared to deal appropriately with those who violate this order. *See McDonald v. Cooper Tire & Rubber Co.*, 186 Fed. App'x 930, 931 (11th Cir. 2006) ("Courts have the inherent power to impose sanctions for failure to comply with a court order.") (citing *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir.1985)).

**DONE** this the 2nd day of February, 2011.

                                   s/ WILLIAM E. CASSADY
                                   **UNITED STATES MAGISTRATE JUDGE**

# CLAIM FORM

**YOU SHOULD SUBMIT THIS FORM BECAUSE YOU ARE ENTITLED TO MONETARY RELIEF UNDER THE SETTLEMENT AGREEMENT.**

Your Claim Form must be received by the Settlement Administrator postmarked by April 18, 2011 in order for you to be eligible for a payment. The Settlement Administrator shall be the sole arbiter of whether your claim was timely received.

NAME OF CLAIMANT: _____

ADDRESS: _____

_____

SOCIAL SEC. # OF CLAIMANT: _____

TELEPHONE NO.: _____
(The confidentiality of address, Social Security number and telephone number is addressed in the attached order)

Mail this form, plus any attachments, to: CardWorks Settlement Administrator, Post Office Box 11487, Birmingham, Alabama 35202-1487.

**BY SIGNING AND SUBMITTING THIS FORM, YOU (1) CERTIFY SUBJECT TO CRIMINAL PENALTIES PROVIDED BY STATE AND FEDERAL LAW THAT YOU HAVE REVIEWED AND UNDERSTAND THE CLASS NOTICE AND THIS CLAIM FORM AND THAT YOU, OR THE PERSON ON WHOSE BEHALF YOU SUBMIT A CLAIM, SATISFY ALL REQUIREMENTS TO RECEIVE MONETARY RELIEF, (2) ARE AUTHORIZING CARDWORKS, THE SETTLEMENT ADMINISTRATOR, AND/OR THE ATTORNEYS FOR THE PARTIES TO THIS CASE TO SEEK AND RECEIVE INFORMATION ABOUT YOU FROM ANY SOURCE FOR THE PURPOSES OF DETERMINING WHO IS OR MAY BE ELIGIBLE TO RECEIVE MONETARY RELIEF UNDER THE SETTLEMENT AGREEMENT.**

_____
(Signature)

CardWorks Settlement Administrator
PO Box 11487
Birmingham, Alabama 35202-1487

PRESORTED
FIRST CLASS
US POSTAGE
PAID
PERMIT #2
BIRMINGHAM, AL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUSSI DALTON, individually and on behalf of all similarly situated individuals | : |
| | : |
| Plaintiff, | : |
| vs. | : CA 09-563-C |
| CARDWORKS SERVICING, LLC, | : |
| Defendant. | : |

ORDER PRELIMINARILY APPROVING SETTLEMENT
AND CERTIFICATION OF CLASS

For the reasons set forth in the Magistrate Judge's Report and Recommendation (Doc. 28), filed November 19, 2010,[1] it is **ORDERED and ADJUDGED** that:

1. The Court preliminarily **CERTIFIES** for settlement purposes an opt-out class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) consisting of: all persons in the United States who, from August 28, 2009 through August 28, 2009, were sent a from collection letter that contained the following statement, "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid[,]" by, or on behalf of CardWorks Servicing, LLC ("CardWorks") (the "Class"). Excluded from the Class are those persons who: (1) currently are in bankruptcy; (2) individuals who already have settled a lawsuit, claim, or obtained a

---

[1] On December 21, 2010, the District Court issued an order adopting those recommendations (Doc. 30), and concurrently entered an order of reference (Doc. 31) enabling the undersigned to conduct all proceedings in this action.

judgment against CardWorks arising from any collection activity engaged in by CardWorks; (3) CardWorks, the officers, directors, and shareholders of CardWorks, or any affiliate of CardWorks, members of each of their immediate families and each of their legal representatives, heirs, successors, or assigns; (4) any government entitiy; (5) all judicial officers in the United States and their relatives within the third degree of kinship; and (6) any entity in which CardWorks has or had a controlling interest.

2. Susi Dalton is hereby **APPOINTED** as Class Representative.

3. Earl P. Underwood, Jr., Esq., Kenneth J. Reimer, Esq., and James D. Patterson, Esq. are hereby **APPOINTED** as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

4. The Court preliminary **APPROVES** the proposed Class Settlement (Doc. 27, Ex. 1 (pp. 5-22)), as the Court finds the proposed settlement fair, reasonable and adequate, subject to further consideration at the Fairness Hearing provided for below.

5. The Court **APPROVES** the appointment of Steve Tilghman as the Claims Administrator, and further **APPROVES** the form of Notice provided as **Exhibit A to this Order** (the "Class Notice"). CardWorks shall arrange to have the Class Notice sent to all Class members in substantially the proposed form by first class mail, postage prepaid no later than **March 18, 2011**. Class members shall then have until **April 18, 2011** to either (1) exclude themselves from the settlement ("opt-out"); (2) object to the fairness of the settlement; or (3) enter an appearance in this matter. Objections should be sent to the Court, Class Counsel, and counsel for CardWorks, and should include reasons for objecting to the

proposed settlement. "Opt-out" notifications should be sent to the Claims Administrator, as instructed in the Class Notice.

The addresses for filing objections with the Court and service on counsel are as follows:

To the Clerk of Court:

Charles R. Diard, Jr., Clerk of the Court
United States District Court, Southern District of Alabama,
113 St. Joseph Street
Mobile, AL 36602

To each of the following, designated Class Counsel and counsel for CardWorks:

Class Counsel—

Earl P. Underwood, Jr., Esq.
Underwood & Reimer, PC
21 South Section Street
Fairhope, AL 36533
(251) 990-5558

Counsel for CardWorks—

James B. Newman, Esq.
Helmsing, Leach, Herlong, Newman & Rouse
P.O. Box 2767
Mobile, AL 36652
(251) 432-5521

6.     To receive a share of the settlement funds, Class members must submit a completed Claim Form (Ex. B to the proposed Class Settlement (Doc. 27, p. 16)) postmarked by **April 18, 2011**. The Claim Form is enclosed with, and instructions regarding submission of same are included in, the Class Notice.

7.  Class Counsel is **ORDERED** to file the following with the Court: (1) a sworn statement attesting to compliance with the their obligations in Paragraph 5; (2) a motion for award of attorney's fees, costs and expenses, including appropriate evidence to allow the Court to make its determination as to the propriety of the request(s); and (3) a public version of the officer certificate and attached financial statement submitted *in camera* on August 26, 2010 (*see* Doc. 28, p. 14 n.3) no later than **May 9, 2011**.

8.  A Fairness Hearing will be held before this Court on **May 18, 2011** at **2:00 p.m.** in Courtroom 3A at the United States Courthouse, 113 St. Joseph Street, Mobile, Alabama, to consider the Settlement and any objections thereto, and to determine, among other things:

- Whether the Class should be finally certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3);

- Whether the Settlement should be approved as fair, adequate, reasonable, and consistent with the public interest;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement, and whether Class Counsel's petition for attorneys' fees and reimbursement of costs and expenses should be approved; and

- To consider such other matters as the Settlement Agreement contemplates or the Court may deem just and proper.

Any Class member may appear at the hearing. However, to preserve this ability to appear, the class member must, in a mailing post-marked by **April 18, 2011** (a) notify the Court, Class Counsel, and counsel for CardWorks of his or her intent to appear; (b) include

with this notice a statement indicating their objections to the settlement; and (c) any evidence the individual would like the Court to consider at the fairness hearing. Any person who fails to object in one of the manners provided above will be deemed to have waived their ability to object to the proposed Class Settlement.

9.  The Class Notice to be provided to class members as set forth in paragraph 5—and filed as **Exhibit A to this Order**—is found to be the best means of providing notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Class Certification, the proposed Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the class action and settlement reached by the parties, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

10.  Unless extended at the Fairness Hearing, the parties have until **May 28, 2011** to file a motion for final approval of the settlement.

**DONE and ORDERED** this the 21st day of January, 2011.

                                    s/ WILLIAM E. CASSADY
                                    **UNITED STATES MAGISTRATE JUDGE**